### UNITED STATES DISTRICT COURT
### DISTRICT OF CONNECTICUT

```
------------------------------ x
JASON GOLDSTEIN, BRAD DAVIS,      :
MARIA LAZO, MOSANTHONY WILSON     :
AND JAMES CORSEY on behalf of     :
themselves and all others         :
similarly situated,               :
                                  :
            Plaintiffs,           :
                                  :   Civil No. 3:22-cv-164 (AWT)
                                  :
v.                                :
                                  :
HENKEL CORPORATION and THRIVING   :
BRANDS LLC,                       :
                                  :
            Defendants.           :
------------------------------ x
```

## ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

WHEREAS, an action is pending before this court entitled Goldstein et al. v. Henkel Corporation et al., No. 3:22-cv-00164-AWT (the "Litigation");

WHEREAS, Plaintiffs having made an application pursuant to Federal Rule of Civil Procedure 23(e), for an order preliminarily approving a class action settlement with Henkel Corporation and Thriving Brands LLC ("Defendants," and together with Plaintiffs, the "Parties"), in accordance with the settlement agreement lodged concurrently with the court ("Settlement Agreement"), which, together with the exhibits annexed thereto, sets forth the terms and conditions for a proposed settlement of the Litigation and for dismissal of the Litigation with prejudice upon the terms and conditions set

-1-

forth therein ("Settlement"); and

Having considered all matters submitted to it including the complete record of the Litigation and good cause appearing therefore, the court grants preliminary approval of the Settlement and hereby finds and concludes as follows:

1.    The capitalized terms used in this Order shall have the same meaning as defined in the Settlement Agreement except as otherwise expressly provided.

2.    The court preliminarily approves the Settlement Agreement as within the range of possible final approval, and as meriting submission to the Settlement Class for its consideration.

3.    For purposes of the settlement only, the court certifies the Settlement Class, which consists of all natural persons who, prior to the date hereof, purchased in the United States any Covered Product for personal, family or household use, and not resale. "Covered Products" means the Right Guard Sport and Right Guard Extreme antiperspirant aerosol and spray products.

4.    Excluded from the Settlement Class are (1) Judge Alvin W. Thompson and members of his immediate family; (2) Defendants; (3) any entity in which a Defendant has a controlling interest; (4) any of Defendants' subsidiaries, parents, affiliates, and officers, directors, employees, legal representatives, heirs,

-2-

successors, or assigns; and (5) any persons who timely exclude
themselves from the Settlement Class.

5.    The court preliminarily finds, solely for purposes of
considering this settlement, that the requirements of Rule 23 of
the Federal Rules of Civil Procedure are conditionally
satisfied, including requirements that: (a) the Settlement Class
Members are too numerous to be joined in a single action; (b)
common issues of law and fact exist and predominate; (c) the
claims of the Class Representatives are typical of the claims of
the Settlement Class Members; (d) the Class Representatives and
Class Counsel can adequately protect the interests of the
Settlement Class Members; and (e) a settlement class is superior
to alternative means of resolving the claims and disputes at
issue in this Litigation. The court also concludes that, because
the Litigation is being settled rather than litigated, the Court
need not consider manageability, efficiency, or judicial economy
issues that might otherwise be presented by the trial of a class
action involving the issues in the Litigation.

6.    The court conditionally designates Charles E. Schaffer
of Levin Sedran & Berman LLP, Sarah Westcot of Bursor & Fisher,
P.A., Nick Suciu of Milberg Coleman Bryson Phillips Grossman,
PLLC, Jason Sultzer of The Sultzer Law Group, and Mark Reich of
Levi & Korsinsky LLP as Class Counsel, and Jason Goldstein, Brad
Davis, Maria Lazo, Mosanthony Wilson, and James Corsey as Class

Representatives of the Settlement Class for purposes of this
settlement. The court preliminarily finds that the Class
Representatives and Class Counsel have fairly and adequately
represented and protected the interests of the absent Settlement
Class Members.

7.    The court has subject-matter jurisdiction over the
Litigation pursuant to 28 U.S.C. §§ 1332 and 1367 and personal
jurisdiction over the Parties before it. Additionally, venue is
proper in this District pursuant to 28 U.S.C. § 1391.

8.    A Final Approval Hearing shall be held before this
court at 3:00 p.m. on December 13, 2023 in the South Courtroom,
United States District Court for the District of Connecticut,
450 Main Street, Hartford, Connecticut 06103, to address: (a)
whether the proposed settlement should be finally approved as
fair, reasonable, and adequate, and whether the Final Approval
Order should be entered, and (b) whether Class Counsel's
application for attorneys' fees, costs, and payment to the Class
Representatives should be approved.

9.    In consultation with, and with the approval of,
Defendants, Class Counsel is hereby authorized to establish the
means necessary to administer the proposed settlement and
implement the Claim process, in accordance with the terms of the
Settlement Agreement. Angeion Group is hereby appointed by the
court as the Claim Administrator, whose reasonable fees and

costs are to be paid from the Settlement Fund in accordance with
the Settlement Agreement. The Claim Administrator shall perform
and comply with all notice and administration duties ascribed to
it in the Settlement Agreement, this Preliminary Approval Order,
and subsequent orders that may be entered by this court in this
case.

10.  The court approves, as to form and content, the Claim
Form and Notices, attached as Exhibits to the Settlement
Agreement. The Claim Form and Notices are written in plain
English, are easy to comprehend, and fully comply with the
requirements of the Due Process Clause of the United States
Constitution, Rule 23 of the Rules of Civil Procedure, and any
other applicable law. The Parties shall have discretion to
jointly make non-material minor revisions to the Claim Form or
Notices. Responsibility regarding settlement administration,
including, but not limited to, notice and related procedures,
shall be performed by the Claim Administrator, subject to the
oversight of the Parties and this court as described in the
Settlement Agreement.

11.  The court finds that Plaintiffs' plan for providing
notice to the Settlement Class (the Notice Plan) is reasonably
calculated to provide notice to the Settlement Class of the
pendency of the Litigation, certification of the Settlement
Class, the terms of the Settlement Agreement, the Final Approval

hearing, and applicable deadlines, and complies fully with the
requirements of the Due Process Clause of the United States
Constitution, Rule 23 of the Federal Rules of Civil Procedure,
and any other applicable law and is the best notice practicable
under the circumstances and shall constitute due and sufficient
notice to all persons entitled thereto. The Parties and the
Claim Administrator shall comply with the Notice Plan and other
deadlines as set forth in the Settlement Agreement and this
Order.

12.   Any member of the Settlement Class who desires to be
excluded from the Settlement Class, and therefore not be bound
by the terms of the Settlement Agreement, must submit a timely
request for exclusion to the Claim Administrator, pursuant to
the instructions set forth in the Long Form Notice. The request
must be postmarked by 60 days before Final Approval Hearing. No
one shall be permitted to exercise any exclusion rights on
behalf of any other person, whether as an agent or
representative of another or otherwise, except upon proof of a
legal power of attorney, conservatorship, trusteeship, or other
legal authorization, and no one may exclude other persons within
the Settlement Class as a group, class, or in the aggregate.

13.   No later than ten days after the Exclusion Deadline,
the Claim Administrator shall prepare a list of the names of the
persons who, pursuant to the Class Notice described herein, have

excluded themselves from the Settlement Class in a valid and timely manner, and Class Counsel shall inform the court of the number of persons who have timely and validly excluded themselves concurrently with the filing of Plaintiff's motion for final approval of the Settlement, in accordance with the court's regular notice requirements. The court retains jurisdiction to resolve any disputed exclusion requests.

14.  Any member of the Settlement Class who elects to be excluded shall not receive any benefits of the settlement, shall not be bound by the terms of the Settlement Agreement, and shall have no standing to object to the settlement or intervene in the Litigation.

15.  Any Settlement Class Member who does not submit a valid and timely request for exclusion may submit an objection to the Settlement Agreement ("Objection"). The Objection must satisfy the requirements set forth in the Long Form Notice and must be filed with the Clerk of the Court (not postmarked) no later than 60 days before Final Approval Hearing, or it will be rejected.

16.  Any Settlement Class Member shall have the right to request to appear and be heard at the Final Approval hearing, either personally or through an attorney retained at the Settlement Class Member's own expense. If the Settlement Class Member wishes to object to the Settlement at the Final Approval

Hearing (either personally or through counsel), the Settlement Class Member must submit a timely written objection in compliance with the requirements referenced in the prior paragraph of this Order.

17.   Plaintiffs shall file motions for Final Approval and for any award of attorneys' fees, costs and a class representative payment in accordance with the court's regular notice requirements, and the reply in support of those motions no later than twenty days before the Final Approval Hearing. Those motions and all supporting documentation shall be posted to the Settlement Website within one day of filing.

18.   In the event that the proposed settlement is not finally approved by the court, or in the event that the Settlement Agreement becomes null and void or terminates pursuant to its terms, this Preliminary Approval Order and all orders entered in connection herewith (including any order amending the complaint) shall become null and void, shall be of no further force and effect, and shall not be used or referred to for any purposes whatsoever in this Litigation or in any other case or controversy; in such event the Settlement Agreement and all negotiations and proceedings directly related thereto shall be deemed to be without prejudice to the rights of any and all of the Parties, who shall be restored to their respective positions as of the date and time immediately

preceding the execution of the Settlement Agreement.

19.  This Order shall not be construed as an admission or concession by Defendants of the truth of any allegations made by the Plaintiffs or of liability or fault of any kind.

20.  The court may, for good cause, extend any of the deadlines set forth in this Order without further notice to the Settlement Class Members, though such extensions shall be posted to the Settlement Website. The Final Approval Hearing may, from time to time and without further notice to the Settlement Class Members beyond updates to the court's docket and the Settlement Website, be continued by Order of the court. If the court grants Final Approval to the Settlement Agreement, then Settlement Class Members who have not timely requested to be excluded, including persons who objected to the Settlement Agreement or submitted a Valid Claim, shall be deemed to have released their Released Claims.

21.  Counsel for the Parties are hereby authorized to utilize all reasonable procedures in connection with the administration of the settlement which are not materially inconsistent with either this Order or the terms of the Settlement Agreement.

22.  All further proceedings and deadlines in this action are hereby stayed except for those required to effectuate the Settlement Agreement and this Order.

It is so ordered.


Dated this 8th day of June 2023, at Hartford, Connecticut.


_____
/s/AWT
Alvin W. Thompson
United States District Judge
