**EXHIBIT 1**

## SETTLEMENT AGREEMENT

This Settlement Agreement is entered into among Plaintiffs Jason Goldstein, Brad Davis, Maria Lazo, Mosanthony Wilson, and James Corsey individually and on behalf of the putative class (collectively, "Plaintiffs" or "Class Representatives"), and Defendants Henkel Corporation ("Henkel") and Thriving Brands LLC ("Thriving Brands" and, together with Henkel, "Defendants" and, together with Plaintiffs, the "Parties").

I.      **RECITALS**

1.1.    In June 2021, Defendant Thriving Brands purchased the rights to manufacture and sell Right Guard® products in the United States.  Prior to the sale, the Right Guard® brand was owned by Henkel.

1.2.    On November 3, 2021, Valisure LLC ("Valisure") filed a citizen's petition (the "Valisure petition or report") with the United States Food and Drug Administration ("FDA"). The Valisure petition stated that Valisure had performed tests on batches of body spray products from various manufacturers who marketed and sold the products in the United States, and that a number of these products contained detectable levels of benzene.

1.3.    Although benzene is not an ingredient in any Right Guard® products, the Valisure Petition listed some of the Covered Products (as defined herein) as having tested positive for benzene.

1.4.    On November 19, 2021, Plaintiff Jason Goldstein commenced a class action in in the Southern District of Florida, alleging that Right Guard® products sold in the United States contained benzene, and seeking injunctive relief and compensation for alleged economic losses sustained by U.S. consumer purchasers of the products. *See Goldstein v. Henkel Corporation and Thriving Brands LLC*, Case No. 9:21-cv-82111-RS (S.D. Fla.).  On November 24, 2021, Plaintiff Mosanthony Wilson filed a similar class action complaint in the Southern District of California.

1

*See Wilson et al v. Thriving Brands, LLC et al*, Case No. 3:21-cv-01988 (S.D. Cal.). On December 6, 2021, Plaintiff Peter Carbone filed a similar class action complaint in the Eastern District of New York. *See Carbone v. Thriving Brands LLC et al*, Case No. 2:21-cv-06742 (E.D.N.Y.). On December 16, 2021, Plaintiff Brad Davis filed a similar class action complaint in the Southern District of Ohio. *See Davis v. Henkel Corporation et al*, Case No. 1:21-cv-00782 (S.D. Ohio). On December 22, 2021, Plaintiff Maria Lazo filed a similar class action complaint in the District of Connecticut. *See Lazo v. Henkel Corp et al,* Case No. 3:21-cv-01702 (D. Conn.). And on December 28, 2021, Plaintiffs Diane Soldevilla and Alain Michael filed a similar class action in the Southern District of Florida. *See Soldevilla v. Thriving Brands, LLC et al*, Case No. 0:21-cv-62573 (S.D. Fla.).

1.5.    On January 28, 2022, the Southern District of Florida Court transferred the first-filed *Goldstein* case to the District of Connecticut. *See Goldstein v. Henkel Corporation and Thriving Brands LLC*, Case No. 3:22-cv-00164 (D. Conn.). On February 2, 2022, the *Davis* case was transferred to the District of Connecticut. *See Davis v. Henkel Corporation et al*, Case No. 3:22-cv-00196 (D. Conn.). On February 2, 2022, the *Wilson* case was transferred to the District of Connecticut. *See Wilson et al v. Thriving Brands, LLC et al*, Case No. 3:22-cv-00270 (D. Conn.). On October 26, 2022, the *Soldevilla* was transferred to the District of Connecticut. *See Soldevilla v. Henkel Corporation et al*, Case No. 3:22-cv-01362 (D. Ct.).

1.6.    On March 1, 2022, Plaintiffs Jason Goldstein, Mosanthony Wilson, James Corsey, Maria Lazo, and Brad Davis filed a Motion for Consolidation and Appointment of Interim Co-Lead Counsel (ECF #30) for an order: (i) consolidating *Goldstein v. Henkel Corp.*, Case No. 3:22-cv-00164 (D. Conn.), *Wilson v. Henkel Corp.*, Case No. 3:22-cv-00270 (D. Conn.), *Lazo v. Henkel Corp.*, Case No. 3:21-cv-01702 (D. Conn.), and *Davis v. Henkel Corp.*, Case No. 3:22-cv-00196 (D. Conn.) pursuant to Federal Rule of Civil Procedure 42(a) under the first-filed *Goldstein* case;

and (ii) appointing Bursor & Fisher, P.A., The Sultzer Law Group, P.C., Levin Sedran & Berman LLP, Milberg Coleman Bryson Phillips Grossman, PLLC, and Levi & Korsinsky LLP as interim co-lead counsel and Reardon Scanlon LLP as liaison counsel pursuant to Federal Rule of Civil Procedure 23(g). On March 3, 2022, the Connecticut Court entered the Order Granting Plaintiffs' Motion For Consolidation and Appointment of Interim Co-Lead Counsel (ECF #31) (the "Consolidated Goldstein Case").

1.7.    On April 4, 2022, Plaintiffs in the Consolidated Goldstein Case filed a Consolidated Amended Class Action Complaint (ECF #38) on behalf of a nationwide class styled captioned *Goldstein et al. v. Henkel Corporation and Thriving Brands LLC*, Case No. 3:22-cv-00164-AWT (D. Conn.) (the "Litigation" or "Consolidated Amended Class Action Complaint"). Plaintiffs allege that Defendants failed to test and improperly marketed and sold several antiperspirants that allegedly contained benzene in violation of state law and sought injunctive relief and compensation for alleged economic losses sustained by U.S. consumer purchasers of the products. Plaintiffs seek to represent a nationwide class of consumers who purchased the Covered Products.

1.8.    On May 26, 2022, Defendants moved to dismiss the Litigation on the grounds that, among other things, (i) Plaintiffs' claims are expressly preempted by federal law, (ii) Plaintiffs lack standing because they have not suffered injury in fact, and (iii) Plaintiffs fail to state a cause of action. Plaintiffs opposed the motion to dismiss, and briefing concluded on November 2, 2022.

1.9.    This Agreement was reached as a result of extensive arms-length negotiations between the Parties and their counsel, facilitated by a mediation with a respected mediator, the Honorable Diane Welsh (Ret.), on December 6, 2022. Before and during these settlement discussions and mediation, the Parties had arms'-length exchange of sufficient information to permit Plaintiffs and their counsel to evaluate the claims and potential defenses and to meaningfully conduct informed settlement discussions. The Parties did not discuss Attorneys' Fees

3

and Costs or any potential Incentive Award until they first agreed on the substantive terms of this settlement.

     1.10.   On December 12, 2022, the Parties advised the Court that they had settled the putative class claims.  On December 16, 2022, the Court closed the pending motion to dismiss without prejudice in light of the Parties' settlement.

     1.11.   Defendants deny all of Plaintiffs' allegations and all charges of wrongdoing or liability against them arising out of any of the conduct, statements, acts or omissions alleged, or that could have been alleged against them, in the Litigation.

     1.12.   The undersigned Parties agree, subject to approval by the Court, that the Litigation between Plaintiffs and Settlement Class Members, on the one hand, and Defendants, on the other hand, shall be fully and finally compromised, settled and released on the terms and conditions set forth in this Agreement.

     1.13.   Plaintiffs, as class representatives and their counsel, believe that the claims settled have merit, but they and their counsel recognize and acknowledge the risks, uncertainty and expense of continued proceedings necessary to prosecute the claims through trial and appeal.

     1.14.   Plaintiffs' Counsel have analyzed and evaluated the merits of all Parties' contentions and this settlement as it affects all Parties and the Settlement Class Members. Among the risks of continued litigation are the possibility that Plaintiffs will be unable to prove liability, damages, or entitlement to injunctive relief at trial on a classwide or individual basis. In addition to taking into account the uncertain outcome and risk of the litigation, Plaintiffs' Counsel considered the difficulties and delay inherent in such litigation.

     1.15.   Plaintiffs and Plaintiffs' Counsel, after taking into account the foregoing, along with the risks and costs of further litigation, are satisfied that the terms and conditions of this Agreement are fair, reasonable, adequate, and equitable, and that a settlement of the Litigation and

the prompt provision of effective relief to the Settlement Class are in the best interests of the Settlement Class Members.

1.16.   Defendants, while continuing to deny all allegations of wrongdoing and disclaiming any liability with respect to any and all claims, consider it desirable to resolve the Litigation on the terms stated herein, in order to avoid further expense, inconvenience, and interference with ongoing business operations, and to dispose of burdensome litigation. Therefore, Defendants have determined that settlement of this Litigation on the terms set forth herein is in their best interests.

1.17.   Defendants hereby consent, solely for the purposes of the settlement set forth herein, to the certification of the Settlement Class and appointment of Plaintiffs' Counsel as counsel for the Settlement Class and Plaintiffs as representatives of the Settlement Class; provided, however, that if this Agreement fails to receive Court approval or otherwise fails to be executed, including but not limited to, the judgment not becoming final as provided in this Agreement, then Defendants retain all rights they had immediately preceding the execution of this Agreement including but not limited to the right to object to the propriety of class certification on any and all grounds, and the Litigation will continue as if the Settlement Class had never been certified. The fact that Defendants conditionally consented herein to certification of the Settlement Class shall not be referenced or used against Defendants by any Party or non-party for any purpose in this Litigation or any other action, lawsuit, or proceeding of any kind whatsoever.

1.18.   This Agreement is contingent upon the issuance by the Court of both Preliminary Approval and Final Approval.  Should the Court not issue Preliminary Approval and Final Approval, Defendants do not waive, and instead expressly reserve, all rights to defend this Litigation, including the right to reinstate the fully briefed Motion to Dismiss.

1.19.   This Agreement reflects a compromise between the Parties, and shall in no event be construed as or be deemed an admission or concession by any Party of the truth, or lack thereof, of any allegation or the validity, or lack thereof, of any purported claim or defense asserted in any of the pleadings or filings in the Litigation, or of any fault on the part of any Defendant, and all such allegations are expressly denied. Nothing in this Agreement shall constitute an admission of liability or be used as evidence of liability, by or against any Party hereto.

NOW, THEREFORE, in consideration of the covenants and agreements set forth herein, and of the releases and dismissals of claims described below, the Parties agree to this Agreement, subject to Court approval, under the following terms and conditions:

## II.    DEFINITIONS

Capitalized terms in this Agreement shall be defined as follows:

2.1.    "Agreement" means this Settlement Agreement, including all exhibits hereto.

2.2.    "Attorneys' Fees and Costs" means such funds as may be awarded by the Court consistent with the terms of this Agreement to Plaintiffs' Counsel for their past, present, and future work, efforts, and expenditures in connection with this Litigation and settlement, including fees, costs, and expenses of any co-counsel, local counsel, experts, consultants, or other individuals retained by, or who assisted Plaintiffs' Counsel in connection with this Litigation and settlement, as described more particularly in Section V of this Agreement.

2.3.    "Available Settlement Funds" means that the Settlement Fund net of notice and administration costs, Incentive Awards, and Attorneys' Fees and Costs.

2.4.    "Benzene Allegations" means all contentions and allegations that are or could have been raised in this Litigation on the basis that aerosol and spray antiperspirant products sold under the Right Guard brand contain or are at risk of containing benzene.

2.5.    "Claim Administrator" means, subject to Court approval, Angeion Group, unless another third-party administrator is later agreed to by the Parties in writing and approved by the Court.

2.6.    "Claim Filing Deadline" means sixty (60) days prior to the initially scheduled hearing date on Final Approval.

2.7.    "Claim Form" means a form in substantially the same form as Exhibit A hereto.

2.8.    "Claim Period" means the period beginning on the Notice Date and continuing until the Claim Filing Deadline.

2.9.    "Class Period" means November 19, 2018 to the date of Preliminary Approval, inclusive.

2.10.    "Class Representatives" or "Plaintiffs" means Jason Goldstein, Brad Davis, Maria Lazo, Mosanthony Wilson, and James Corsey.

2.11.    "Consolidated Amended Class Action Complaint" is the document contained at ECF Document number 38 on the public docket in *Goldstein v. Henkel Corporation and Thriving Brands LLC*, Case No. 3:22-cv-00164 (D. Conn.).

2.12.    "Covered Products" means the Right Guard Sport and Right Guard Xtreme antiperspirant aerosol and spray products:.

2.13.    "Court" means the United States District Court for the District of Connecticut.

2.14.    "Effective Date" means ten (10) days after the later of: (i) the expiration of the time to appeal the Final Approval with no appeal having been filed; or (ii) if such appeal is filed, the termination of such appeal, on terms that affirm the Final Approval or dismiss the appeal with no material modification to the Final Approval.

2.15.    "Excluded Persons" are (1) the Honorable Judge Alvin W. Thompson and members of his immediate family; (2) Defendants; (3) any entity in which a Defendant has a controlling

interest; (4) any of Defendants' subsidiaries, parents, affiliates, and officers, directors, employees, legal representatives, heirs, successors, or assigns; and (5) any persons who timely exclude themselves from the Settlement Class.

2.16.   "Exclusion Deadline" means sixty (60) days prior to the initially scheduled hearing date on Final Approval.

2.17.   "Final Approval" means issuance of an order granting final approval of this Agreement as binding upon the Parties; holding this Agreement to be final, fair, reasonable, adequate, and binding on all Settlement Class Members who are not Excluded Persons as provided below; ordering that the settlement relief be provided as set forth in this Agreement; ordering the releases as set forth in Section VII of this Agreement; entering judgment in this case; and retaining continuing jurisdiction over the interpretation, implementation, and enforcement of the Agreement.

2.18.   "Household" means a single dwelling unit, no matter the number of natural persons residing therein.

2.19.   "Incentive Award" means any award sought by application to and approval by the Court that is payable to the Class Representatives to compensate them for their efforts in bringing this Litigation and achieving the benefits of this settlement on behalf of the Settlement Class.

2.20.   "Litigation" means the consolidated lawsuit captioned *Goldstein v. Henkel Corporation and Thriving Brands LLC*, Case No. 3:22-cv-00164 (D. Conn.).

2.21.   "Long Form Notice" means the Court-approved form of notice to Settlement Class Members in substantially the same form as Exhibit B1.

2.22.   "Notice Date" means thirty (30) days after the date of Preliminary Approval.

2.23.   "Notice Plan" means the procedure for providing notice to the class, as set forth in Exhibit B.

2.24.   "Objection Deadline" means sixty (60) days prior to the initially scheduled hearing date on Final Approval.

2.25.   "Online Advertisement" means the Court-approved advertisement to Settlement Class Members in substantially the same form as Exhibit B3.

2.26.   "Parties" means Plaintiffs and Defendants, collectively.

2.27.   "Party" means any one of Plaintiff or Defendant.

2.28.   "Person(s)" means any natural person or business entity.

2.29.   "Plaintiffs' Counsel" means the law firms of Levin Sedran & Berman LLP, Bursor & Fisher, P.A., Milberg Coleman Bryson Phillips Grossman, PLLC, The Sultzer Law Group, and Levi & Korsinsky LLP. Reardon Scanlon LLP shall serve as local counsel for Plaintiffs' Counsel.

2.30.   "Preliminary Approval" means issuance of an order, substantially in the form of Exhibit C, granting preliminary approval to this Agreement as within the range of possible Final Approval; approving Class Notice to the Settlement Class Members as described in Section IV below; and setting a hearing to consider Final Approval of the settlement and any objections thereto.

2.31.   "Proof of Purchase" means an itemized retail sales receipt or other document or retail store club or loyalty card record showing, at a minimum, the purchase of a Covered Product, the purchase price, and the date and place of the purchase.

2.32.   "Released Claims" means the claims released as set forth in Section VII of this Agreement.

2.33.   "Released Parties" means Defendants and each and all of their respective predecessors and successors in interest, former, present and future direct and indirect affiliates, subsidiaries, divisions, parents, owners, and affiliates, and each and all of their respective present and former officers, directors, managers, shareholders, members, partners, employees, agents,

representatives, suppliers, resellers, retailers, wholesalers, distributors, customers, insurers, assigns, servants, attorneys, assignees, heirs, and executors, whether specifically named and whether or not participating in the settlement by payment or otherwise.

2.34.    "Settlement Benefit" means the benefits provided to Settlement Class Members who submit Valid Claims as set forth in this Agreement.

2.35.    "Settlement Class" or "Settlement Class Members" means all natural persons who, between November 19, 2018 and the date of Preliminary Approval, purchased in the United States any Covered Product for personal, family or household use, and not resale.

2.36.    "Settlement Fund" means a total payment by Defendants of $1,950,000.00, all-in, inclusive of, but not limited to, all payments to Plaintiffs and members of the Settlement Class, Incentive Awards, costs for notice and administration, and court-awarded Attorneys' Fees and Costs.

2.37.    "Settlement Website" means an internet website created and maintained by the Claim Administrator. The URL of the Settlement Website shall be provided in the Notice Plan.

2.38.    "Short Form Notice" means the Court-approved forms of notice to Settlement Class Members in substantially the same form as Exhibit B2.

2.39.    "Termination Date" means the date that the Agreement is terminated as set forth in this Agreement.

2.40.    "Valid Claim" means a claim submitted in compliance with this Agreement and determined to be valid by the Claim Administrator, and as further described in Section III of this Agreement.

### III. SETTLEMENT BENEFITS AND CLAIMS ADMINISTRATION

3.1.    The Claim Administrator shall establish an account for the Settlement Fund, which will be used to provide benefits to or on behalf of the Settlement Class.  Defendants will contribute

$1,950,000 in cash to the Settlement Fund for payment of the following: (i) Valid Claim Forms for cash benefits submitted by Settlement Class Members pursuant to paragraph 3.8 below; (ii) the notice and other administrative costs actually incurred by the Claims Administrator, as described in paragraph 3.3(a) below; (iii) Attorneys' Fees and Costs, as may be ordered by the Court and as described in paragraph 6.1 below, and (iv) any Incentive Award to the Class Representatives, not to exceed $1,000 per Class Representative, as may be ordered by the Court and as described in paragraph 6.2 below.

3.2.   Under no circumstances will Defendants' total financial commitment and obligation under this Agreement exceed $1,950,000.

3.3.   Defendants shall make payments into the Settlement Fund in accordance with the following schedule:

(a)   Notice and Other Administrative Costs.   Amounts equal to the cost of publishing the Notice Plan and other administrative costs (as incurred), to be paid within thirty (30) days of when such amounts are invoiced to Defendants along with wire instructions and other required documentation and become due and owing.  Defendants are not required to advance costs for claims validation or other claims processing related costs until such time such costs are actually incurred.

(b)   Attorneys' Fees and Costs and Incentive Awards.   An amount equal to the Attorneys' Fees and Costs and Incentive Awards, to be paid as described at paragraph 6.6, below.

(c)   Payment of Valid Claims.   An amount equal to the Available Settlement Funds, which shall be remitted to the Claims Administrator within ten (10) business days of the Effective Date.

3.4.    In consideration for the complete and final settlement of the Litigation, the Released Claims, and other promises and covenants set forth in this Agreement, and subject to the other terms and conditions thereof, Settlement Class Members shall be paid the monetary relief from the Available Settlement Funds as set forth below:

> (a)    Settlement Class Members who submit a Valid Claim with Proof of Purchase shall receive up to $3.00 for each Covered Product listed on the Proof of Purchase, inclusive of all taxes.

> (b)    Settlement Class Members who submit a Valid Claim without Proof of Purchase shall receive up to $1.75 for up to five (5) Covered Products claimed per household.

3.5.    Each Settlement Class Member's payment shall be increased or decreased on a *pro rata* basis such that the total amount paid to all Settlement Class Members equals the Available Settlement Funds.

3.6.    Subject to the rights and limitations set forth in this Agreement, every Settlement Class Member who is not an Excluded Person shall have the right to submit a claim for Settlement Benefits. A claim shall be a Valid Claim only if submitted on the Claim Form pursuant to, and in compliance with, the procedures set forth herein. Submission of a claim, regardless of whether it is determined to be a Valid Claim, shall confer no rights or obligations on any Party, any Settlement Class Member, or any other Person, except as expressly provided herein.

3.7.    At the election of the Settlement Class Member, Claim Forms may be submitted in paper via first class mail or online at the Settlement Website. Claim Forms must be postmarked or submitted online no later than the Claim Filing Deadline. Claim Forms postmarked or submitted online after that date will not be Valid Claims.  The Settlement Administrator may track Claim Forms with unique security identifiers or control numbers.  For Claim Forms that are submitted

12

online, the Class Member shall have the opportunity to upload Proof of Purchase image files (e.g., jpg, tif, pdf) prior to submitting the claim, and to print a page immediately after the Claim Form has been submitted showing the information entered, the names of image files uploaded, and the date and time the Claim Form was submitted.

3.8.    On the Claim Form, the Settlement Class Member, or a Person with authority to sign and bind the Settlement Class Member, must provide and certify the truth and accuracy of the following information under penalty of perjury, including by signing the Claim Form physically or by e-signature, or the claim will not be considered a Valid Claim by the Claim Administrator:

    (a)    The Settlement Class Member's name and mailing address;

    (b)    The Settlement Class Member's email address (unless the Settlement Class Member requests a claim form by mail, in which case an email address is optional);

    (c)    Which Covered Products were purchased during the Class Period;

    (d)    The number of Covered Products purchased during the Class Period and the approximate dates of purchase; and

    (e)    That the claimed purchases were not made for purposes of resale.

3.9.    The Claim Administrator shall be responsible for, among other things, providing notice as set forth in the Notice Plan, processing Claim Forms and administering the Settlement Website and Toll-free phone number, exclusion process, and Settlement Benefit claims process described herein (including receiving and maintaining on behalf of the Court and the Parties any Settlement Class Member correspondence regarding requests for exclusion from the Settlement Class).  The Claim Administrator will use adequate and customary procedures and standards to prevent the payment of fraudulent claims and to pay only Valid Claims.  The Claim Administrator and Parties shall have the right to audit claims, and the Claim Administrator may request additional

13

information from Settlement Class Members. If any fraud is detected or reasonably suspected, the Claim Administrator and Parties can require further information from the Settlement Class Member (including by cross-examination) or deny claims, subject to the supervision of the Parties and ultimate oversight by the Court.

3.10.    The Claim Administrator shall approve or deny all claims, and its decision shall be final and binding, except that Plaintiffs' Counsel and Defendants shall have the right to audit claims and to challenge the Claim Administrator's decision by motion to the Court. Plaintiffs' Counsel's or Defendants' choice not to audit the validity of any one or more Claim Forms shall not constitute or be construed as a waiver or relinquishment of any audit or other rights as to any other Claim Forms, individually or as a group, and similarly shall not be construed as a waiver or relinquishment by the Party as to any of its audit and other rights under this Agreement. No Person shall have any claim against Plaintiffs, Defendants, Plaintiffs' Counsel, Defendants' counsel or the Claim Administrator based on any determination of a Valid Claim, distributions or awards made in accordance with this Agreement and the Exhibits hereto. Neither Plaintiffs nor Defendants, nor their counsel, shall have any liability whatsoever for any act or omission of the Claim Administrator.

3.11.    Within thirty (30) days after the Effective Date, the Claim Administrator shall notify by email all Settlement Class Members whose claims are denied the reason(s) for denial, using the email address (if any) provided by the Settlement Class Member on the Claim Form. If no email address is provided by the Settlement Class Member on the Claim Form, the Claim Administrator shall not have an obligation to provide the Settlement Class Member any notification of the denial of the claim or the reasons for denial.

3.12.    Valid Claims shall be paid by check or an electronic deposit through PayPal, Venmo, or Zelle to the Settlement Class Member within sixty (60) days after the Effective Date.

3.13.   All settlement checks shall be void and no longer negotiable one hundred twenty (120) day after the date the check was issued.  If a settlement check is not negotiated, the Settlement Class Member shall not be entitled to any further payment under this Agreement. If the check is returned as undeliverable, the Claim Administrator shall send an email to the Settlement Class Member, if an email address was provided with the claim, to attempt to obtain a better address, and if obtained, shall mail the check to the new address. The return or failure to cash checks shall have no effect on a Settlement Class Member's release of claims, obligations, representations, or warranties as provided herein, which shall remain in full effect.  Upon court approval, funds from uncashed checks shall be awarded *cy pres* to Look Good Feel Better.

3.14.   No deductions for taxes will be taken from any Settlement Benefit at the time of distribution. Settlement Class Members are responsible for paying all taxes due on such Settlement Benefits. All Settlement Benefit payments shall be deemed to be paid solely in the year in which such payments are actually issued. Counsel and the Parties do not purport to provide legal advice on tax matters to each other or Settlement Class Members. To the extent this Agreement, or any of its exhibits or related materials, is interpreted to contain or constitute advice regarding any U.S. Federal or any state tax issue, such advice is not intended or written to be used, and cannot be used, by any Person or Business for the purpose of avoiding penalties under the Internal Revenue Code or any state's tax laws.

3.15.   All fees and expenses incurred by the Claim Administrator in administering claims and performing the other tasks set forth in this Agreement shall be paid from the Settlement Fund.

**IV. NOTICE**

4.1.   After Preliminary Approval and prior to the Notice Date, the Claim Administrator shall establish the Settlement Website, which shall contain the Long Form Notice in both downloadable PDF format and HTML format with a clickable table of contents; answers to

frequently asked questions; a Contact Information page that includes the address for the Claim Administrator and addresses and telephone numbers for Plaintiffs' Counsel; the Consolidated Amended Class Action Complaint; the Agreement; the signed order of Preliminary Approval; a downloadable and online version of the Claim Form; a downloadable and online version of the form by which Settlement Class Members may exclude themselves from the Settlement Class; and (when it becomes available) Plaintiffs' application for Attorneys' Fees and Costs and/or an application for Incentive Awards. The Settlement Website shall remain accessible until one hundred eighty (180) days after all Settlement Benefits are distributed.

4.2.    Notice shall be provided as provided in the Notice Plan.

4.3.    The Parties shall supervise the Claim Administrator in the performance of the notice functions set forth in this Section IV.

4.4.    The Claim Administrator, at the direction of Defendants' counsel, shall timely comply with the notice requirements of 28 U.S.C. § 1715.

4.5.    Prior to the hearing on Final Approval and in accordance with the Court's regular notice requirements, Defendants and the Claim Administrator shall certify to the Court that they have complied with the notice requirements set forth herein.

## V.    ATTORNEYS' FEES, EXPENSES AND CLASS REPRESENTATIVE PAYMENT

5.1.    Prior to the initially scheduled hearing on Final Approval and in accordance with the Court's regular notice requirements, Plaintiffs' Counsel may apply to the Court for an award from Defendants of their Attorneys' Fees and Costs in a total amount not to exceed one-third ($650,000) of the Settlement Fund.

5.2.    Prior to the initially scheduled hearing on Final Approval and in accordance with the Court's regular notice requirements, the Class Representatives may additionally apply to the Court for an Incentive Award from Defendants of up to $1,000 each as compensation for (a) the

time and effort undertaken in and risks of pursuing this Litigation, including the risk of liability

for the Parties' costs of suit, and (b) the general release set forth in Section 7.3.

5.3.      Any Attorneys' Fees and Costs and any Incentive Award awarded by the Court

shall be paid from the Settlement Fund.   In no event shall Defendants be obligated to pay to

Plaintiffs, Plaintiffs' Counsel, the Claim Administrator or the Settlement Class any amount beyond

the Settlement Fund.

5.4.      Plaintiffs' Counsel and the Class Representatives agree that the denial, downward

modification, failure to grant the request for Attorneys' Fees and Costs or an Incentive Award, or

the reversal or modification on appeal of any such awards, shall not constitute grounds for

modification or termination of this Agreement.

5.5.      Defendants shall be responsible for paying their own attorneys' fees and expenses.

5.6.      Any Attorneys' Fees and Costs and Incentive Awards shall be paid to Plaintiffs'

Counsel out of the Settlement Fund within seven (7) business days after the Effective Date.

## VI.      CLASS SETTLEMENT PROCEDURES

6.1.      As soon as practicable after the signing of this Agreement, Plaintiffs shall move for

an order granting Preliminary Approval to this Agreement; conditionally certifying the Settlement

Class for purposes of this Agreement only; approving Class Notice to the Settlement Class

Members; and setting a hearing to consider Final Approval of the settlement and any objections

thereto. Defendants shall have no obligation to make separate filings in support of the motion.

Defendants may appear at the hearing through counsel to confirm their agreement with the terms

of the settlement as provided herein.

6.2.      Prior to the hearing on Final Approval and in accordance with the Court's regular

notice requirements, Plaintiffs shall move for entry of an order of Final Approval, granting Final

Approval of this settlement and holding this Agreement to be final, fair, reasonable, adequate, and

binding on all Settlement Class Members who are not Excluded Persons, and ordering that the settlement relief be provided as set forth in this Agreement, ordering the releases as set forth in Section VII, below, and entering judgment in this case. Defendants shall have no obligation to make separate filings in support of the motion. Defendants may appear at the hearing through counsel to confirm their agreement with the terms of the settlement as provided herein.

6.3.    The Long Form Notice and Short Form Notice shall advise prospective Settlement Class Members of their rights to forego the benefits of this settlement and pursue an individual claim; to object to this settlement individually or through counsel; and to appear at the Final Approval hearing.

6.4.    If any Settlement Class Member wishes to object to the settlement, the Settlement Class Member must electronically file via the Court's ECF system, or deliver to the Clerk of the Court by mail, express mail, or personal delivery, a written notice of objection. To be timely, the objection must be *received by* the Clerk of the Court (not just postmarked or sent) prior the Objection Deadline. Each objection must include: (i) the case name *Goldstein v. Henkel Corporation*, Case No. 3:22-cv-164-AWT; (ii) the name, address and telephone number of the objector; (iii) the name, address, and telephone number of all counsel (if any) who represent the objector, including any former or current counsel who may be entitled to compensation for any reason if the objection is successful, and all legal factual support for the right to such compensation; (iv) documents or testimony sufficient to establish membership in the Settlement Class; (v) a detailed statement of any objection asserted, including the grounds therefor; (vi) whether the objector is, and any reasons for, requesting the opportunity to appear and be heard at the Final Approval hearing; (vii) the identity of all counsel (if any) representing the objector who will appear at the final approval hearing and, if applicable, a list of all persons who will be called to testify in support of the objection; (viii) copies of any papers, briefs, declarations, affidavits, or

other documents upon which the objection is based; (ix) a detailed list of any other objections submitted by the Settlement Class Member, or his/her counsel, to any class actions submitted in any state or federal court in the United States in the previous five years (or affirmatively stating that no such prior objection has been made); and (x) the objector's signature, in addition to the signature of the objector's attorney (if any) –an attorney's signature alone shall not be deemed sufficient to satisfy this requirement. Failure to include documents or testimony sufficient to establish membership in the Settlement Class shall be grounds for overruling and/or striking the objection on grounds that the objector lacks standing to make the objection.  Failure to include any of the information or documentation set forth in this paragraph also shall be grounds for overruling an objection.

6.5.    If any Settlement Class Member wishes to be excluded from this settlement and Litigation, the Settlement Class Member may do so by completing the online exclusion form at the Settlement Website; downloading and submitting to the Claim Administrator a completed exclusion form; or submitting a valid request to exclude themselves, as described in the Notice, to the Claim Administrator. Requests to exclude must be postmarked or submitted online by the Exclusion Deadline or they shall not be valid. For exclusion requests that are submitted online, the Class Member shall have the opportunity to print a page immediately after submission showing the information entered and the date and time the request for exclusion was submitted.  Settlement Class Members who elect to exclude themselves from this settlement and Litigation shall not be permitted to object to this settlement or to intervene.   Settlement Class Members shall be encouraged, but not required, to provide their email addresses in their requests for exclusion.

6.6.    The proposed Preliminary Approval order and Long Form Notice will provide that any Settlement Class Members wishing to object or exclude themselves who fail to properly or

timely file or serve any of the requested information and/or documents will be precluded from doing so.

6.7.    If any objection is received by the Claim Administrator, the Claim Administrator shall promptly forward the objection and all supporting documentation to counsel for the Parties. Prior to the hearing on Final Approval and in accordance with the Courts' regular notice requirements, Plaintiffs' counsel shall file any such objections and supporting documentation with the Court.  The failure of the Settlement Class Member to comply with the filing requirements of Section 6.4 shall be grounds for striking and/or overruling the objection, even if the objection is submitted to the Claim Administrator.

6.8.    Not later than ten (10) days after the Exclusion Deadline, the Claims Administrator shall provide to Class Counsel and Counsel for Defendants a complete list of the names of the persons who have excluded themselves from the Settlement Class in a valid and timely manner with copies of the exclusion requests.  Plaintiffs' Counsel shall inform the Court of the number of persons who have timely and validly excluded themselves prior to the hearing on Final Approval and in accordance with the Courts' regular notice requirements.

6.9.    If a Settlement Class Member submits both a Claim Form and an exclusion request, the Claim Form shall take precedence and be considered valid and binding, and the exclusion request shall be deemed to have been sent by mistake and rejected. If a Settlement Class Member submits both an objection and an exclusion request, the exclusion request shall take precedence and be considered valid and binding, and the objection shall be deemed to have been sent by mistake and rejected.

6.10.    A Settlement Class Member who objects to the settlement may also submit a Claim Form on or before the Claim Filing Deadline, which shall be processed in the same way as all other

Claim Forms. A Settlement Class Member shall not be entitled to an extension to the Claim Filing

Deadline merely because the Settlement Class Member has also submitted an objection.

6.11.    This Agreement was entered into only for purposes of settlement. In the event that

Preliminary or Final Approval of this settlement and this Agreement does not occur for any reason,

or if Final Approval is reversed on appeal, or the Agreement is terminated, then no term or

condition of this Agreement, or any draft thereof, or discussion, negotiation, documentation, or

other part or aspect of the Parties' settlement discussions shall have any effect, nor shall any such

matter be admissible in evidence for any purpose in the Litigation, or in any other proceeding

(unless Plaintiffs' Counsel and Defendants mutually agree in writing to proceed with this

Agreement) and the Litigation shall continue as if the settlement had not occurred. The Parties

agree that all drafts, discussions, negotiations, documentation or other information prepared in

relation to this Agreement, and the Parties' settlement discussions, shall be treated as strictly

confidential and may not, absent a court order, be disclosed to any Person other than the Parties'

counsel.

## VII.   RELEASES

7.1.    The obligations incurred by Defendants pursuant to this Agreement shall be a full

and final disposition and settlement of all claims, actions, suits, obligations, debts, demands, rights,

causes of action, liabilities, controversies, costs, expenses, and attorneys' fees, known or unknown,

that arise out of or are related to allegations, claims, or contentions for economic injury, including

medical monitoring, that were, or could have been, asserted in the Litigation, including but not

limited to allegations, claims, or contentions related in any way to the presence of benzene in the

Covered Products, or the testing, marketing, sales, and advertising with respect to the presence of

benzene in the Covered Products, which actually were, or could have been, asserted in the

Litigation against Defendants, whether individual, class, representative, legal, equitable,

administrative, direct or indirect, or any other type or in any other capacity, all of which shall be finally and irrevocably compromised, settled, released, and discharged with prejudice.

7.2.    Releases. Upon the Effective Date:

(a)    Plaintiffs and Settlement Class Members who are not Excluded Persons, shall release and forever discharge the Released Parties from and shall be forever barred from instituting, maintaining, or prosecuting any and all claims, liens, demands, actions, causes of action, rights, duties, obligations, damages or liabilities of any nature whatsoever related solely to any and all economic injuries, including economic injuries related to medical monitoring, related to the presence of benzene in the Covered Products, whether legal or equitable or otherwise, known or unknown, that actually were, or could have been, asserted in the Litigation, whether based upon any violation of any state or federal statute or common law or regulation or otherwise ("Claims"), or arise directly or indirectly out of:   (i) the allegations, claims, or contentions for economic injury that were, or could have been, asserted in the Litigation, including but not limited to allegations, claims, or contentions related in any way to the testing, marketing, sales,  and advertising with respect to the presence of benzene in the Covered Products; and (ii) any alleged acts, omissions, or misrepresentations related in any way to economic harm resulting from the presence of benzene in the Covered Products;

(b)    Plaintiffs, Settlement Class Members who are not Excluded Persons, and Defendants expressly understand and acknowledge that it is possible that unknown economic losses/claims related to the presence of benzene in the

Covered Products exist or that present losses may have been underestimated in amount or severity. Plaintiffs, Settlement Class Members who are not Excluded Persons, and Defendants explicitly took that into account in entering into this Agreement, and a portion of the consideration and the mutual covenants contained herein, having been bargained for between Plaintiffs and Defendants with the knowledge of the possibility of such unknown claims for economic loss related to the presence of benzene in the Covered Products, were given in exchange for a full accord, satisfaction, and discharge of all such claims. Consequently, Plaintiffs, Settlement Class Members who are not Excluded Persons, and Defendants expressly waive all provisions, rights and benefits of California Civil Code section 1542 (and equivalent, comparable, or analogous provisions of the laws of the United States, Connecticut, and any other state or territory of the United States, or of the common law). **Section 1542 provides:**

> **A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.**

(c)     Each and every term of this Section shall be binding upon, and inure to the benefit of Plaintiffs, Settlement Class Members and the Released Parties, and any of their heirs, guardians, executors, administrators, representatives, agents, attorneys, partners, owners, successors, predecessors-in-interest, and assigns, which persons are intended to be beneficiaries of this Section.

(d)     Excluded from this Release are claims for non-economic damages for diagnosed medical conditions for personal and/or bodily injuries. Class Members are not releasing any claims, demands, rights, damages, obligations, suits, debts, liens, and causes of action relating to diagnosed bodily injuries allegedly caused by the Covered Products.

7.3.     None of the above releases include releases of the rights or ability to enforce the terms of this Agreement or the settlement.

7.4.     This Agreement reflects, among other things, the compromise and settlement of disputed claims among the Parties hereto, and neither this Agreement nor the releases given herein, nor any consideration therefor, nor any actions taken to carry out this Agreement are intended to be, nor may they be deemed or construed to be, an admission or concession of liability, or the validity of any claim, or defense, or of any point of fact or law (including but not limited to matters respecting class certification) on the part of any Party. Defendants expressly deny the allegations of the complaints in the Litigation. Neither this Agreement, nor the fact of settlement, nor the settlement proceedings, nor settlement negotiations, nor any related document, shall be used as an admission of any fault or omission by the Released Parties, or be offered or received in evidence as an admission, concession, presumption, or inference of any wrongdoing by the Released Parties in any proceeding, other than such proceedings as may be necessary to consummate, interpret, or enforce this Agreement. The Released Parties may file the Agreement and/or the Final Approval order in any action or proceeding that may be brought against them in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim.

## VIII.   ADDITIONAL PROVISIONS

8.1.     Subject to the limitations expressed herein, the Parties' counsel shall use their best efforts to cause the Court to give Preliminary Approval to this Agreement and settlement as promptly as practicable, to take all steps contemplated by this Agreement to effectuate the settlement on the stated terms and conditions, to cooperate in addressing any objections, and to obtain Final Approval of this Agreement.  The Parties and Counsel shall not encourage anyone directly or indirectly to opt out or object.  The Class Representatives shall not opt out or object.  If the Court requires changes to the Agreement as a prerequisite to Preliminary Approval or Final Approval, the Parties shall negotiate in good faith regarding such changes but are under no obligation to agree upon any such changes.

8.2.     To avoid contradictory, incomplete or confusing information about the settlement during the Claim Period, the Parties agree that if they make any written press releases or statements to the media about the settlement before the conclusion of the Claim Period, such releases or statements will be shared with the Parties in advance and, where desired by the other Party, made jointly.

8.3.     Plaintiffs and Plaintiffs' Counsel will not issue any press release or otherwise publicize the settlement on websites, social media or any other electronic or paper medium, or on any class action facilitator websites or social media platforms and shall make no statements, including statements to the press or any other public statements, that disparage Defendants, any Released Party, or any of the Covered Products, or accuse Defendants or any Released Party of any wrongdoing regarding this Settlement or Litigation or the subject matter thereof.

8.4.     The time periods and/or dates described in this Agreement with respect to the giving of notices and hearings are subject to approval and change by the Court or by the written agreement of Plaintiffs' Counsel and Defendants' Counsel, without notice to Settlement Class Members

except that the Claim Administrator shall ensure that such dates are posted on the Settlement Website.

8.5.    Except for changes to the time periods as set forth in the prior paragraph, all other terms and limitations set forth in this Agreement and in the documents referred to or incorporated herein (including but not limited to the Long Form Notice, Short Form Notice, Online Advertisement and the Claim Form) shall be deemed material to the Parties' agreement, and in the event any such other term is altered or amended by the Court (including if the Court refuses to certify the Settlement Class and/or modifies the definition of the class), or any other court, or if any federal or state authority objects to or requires modifications to the Agreement, any Party whose rights or obligations are affected by the alteration or amendment may terminate this Agreement upon written notice to the other Party.  The termination of the Agreement shall be deemed effective five (5) days after the provision of notice pursuant to this paragraph, or at any later date agreed in writing by the Parties ("Termination Date").

8.6.    All time periods set forth herein shall be computed in calendar days unless otherwise specified.  If the date for performance of any act required by or under this Agreement falls on a Saturday, Sunday or court holiday, that act may be performed on the next business day with the same effect as if it had been performed on the day or within the period of time specified by or under this Agreement.

8.7.    This Agreement is intended to and shall be governed by the laws of the State of Connecticut, without regard to conflicts of law principles.

8.8.    The terms and conditions set forth in this Agreement constitute the complete and exclusive statement of the agreement between the Parties hereto relating to the subject matter of this Agreement, superseding all previous negotiations and understandings, and may not be contradicted by evidence of any prior or contemporaneous agreement. The Parties further intend

that this Agreement constitutes the complete and exclusive statement of its terms as between the Parties hereto, and that no extrinsic evidence whatsoever may be introduced in any agency or judicial proceeding, if any, involving this Agreement. Any amendment or modification of the Agreement must be in writing signed by each of the Parties and their counsel.

8.9.    The determination of the terms of, and the drafting of, this Agreement have been by mutual agreement after negotiation, with consideration by and participation of all Parties hereto and their counsel. The presumption found in California Civil Code section 1654, and any comparable statutes, that uncertainties in a contract are interpreted against the party causing an uncertainty to exist are hereby waived by all Parties.

8.10.    In making and executing this Agreement, the Parties have made such investigation of the facts and the law pertaining to the matters described herein and this Agreement as they deem necessary, and they do not rely and have not relied upon any statement or representation, oral or written, made by any of the other Parties to this Agreement with regard to any of the facts involved in any dispute or possible dispute between any of the Parties hereto, or with regard to any of their rights or asserted rights, or with regard to the advisability of making and executing this Agreement, or anything else.

8.11.    The Parties hereby expressly assume the risk of any mistake of fact or that the true facts might be other or different from facts now known or believed to exist, and it is the express intention of the Parties to forever settle their disputes without regard to who may or may not have been correct in their respective understandings of the facts or the laws relating thereto.

8.12.    This Agreement shall be binding upon and inure to the benefit of the respective heirs, successors and assigns of the Parties hereto.

8.13.    The waiver by any Party of any provision or breach of this Agreement shall not be deemed a waiver of any other provision or breach of this Agreement.

8.14.    This Agreement shall become effective upon its execution by all of the undersigned. The Parties may execute this Agreement in counterparts and/or by fax or electronic mail, and execution of counterparts shall have the same force and effect as if all Parties had signed the same instrument.

8.15.    Captions and section numbers herein are inserted merely for the reader's convenience, and in no way define, limit, construe, or otherwise describe the scope or intent of the provisions of this Agreement.

8.16.    The Parties reserve the right, by agreement and subject to the Court's approval, to grant any reasonable extension of time that might be needed to carry out any of the provisions of this Agreement.

8.17.    The Court shall retain jurisdiction to enforce, interpret, and implement this Agreement.  All Parties hereto submit to the jurisdiction of the Court for these purposes.

8.18.    Plaintiffs hereby agree not to request to exclude themselves from the Settlement Class. Any such request shall be void and of no force or effect.

8.19.    All notices to the Parties or counsel required by this Agreement, shall be made in writing and communicated by mail and fax or email to the following addresses:

If to Plaintiffs or Plaintiffs' Counsel:

> Charles E. Schaffer
> Levin Sedrin & Berman
> 510 Walnut Street, Suite 500
> Philadelphia, PA 19106
> Telephone: (215) 592-1500
> Email: cschaffer@lfsblaw.com
>
> Max S. Roberts
> Bursor & Fisher, P.A.
> 888 Seventh Avenue
> New York, NY 10019
> Telephone: (646) 837-7408
> E-Mail: mroberts@bursor.com

Nick Suciu, III
Milberg Coleman Bryson Phillips Grossman PLLC
6905 Telegraph Rd. Suite 115
Bloomfield Hills, MI 48301
Telephone: (313) 303-3472
Email: nsuciu@milberg.com

Jason P. Sultzer
The Sultzer Law Group, P.C
85 Civic Center Plaza, Suite 200
Poughkeepsie, NY 12601
Telephone: (845) 483-7100
Email: sultzerj@thesultzerlawgroup.com

Mark S. Reich
Levi & Korsinsky, LLP
55 Broadway, 10th Floor
New York, NY 10006
Telephone: (212) 363-7500
Email: mreich@zlk.com

If to Defendants Henkel Corporation and Thriving Brands LLC:

Greenberg Traurig LLP
1717 Arch Street
Three Logan Square, Suite 400
Philadelphia, PA 19103
Attn: Keith E. Smith

IN WITNESS HEREOF the undersigned, being duly authorized, have caused this Agreement to be executed on the dates shown below and agree that it shall take effect on the last date it is executed by all of the undersigned.

Dated: April 21, 2023

_Jason Goldstein (Apr 21, 2023 12:46 EDT)_
Jason Goldstein
*Plaintiff*

Dated: _____

Brad Davis
*Plaintiff*

Dated: _____

Maria Lazo
*Plaintiff*

Dated: _____

Mosanthony Wilson
*Plaintiff*

Dated: _____

James Corsey
*Plaintiff*

Dated: _____

LEVIN SEDRAN & BERMAN
Charles E. Schaffer, Esq.
510 Walnut Street, Suite 500
Philadelphia, PA 19106
Tel: 215-592-1500
E-Mail: cschaffer@lfsblaw.com

Dated: April 21, 2023

*Sarah N. Westcot*
BURSOR & FISHER, P.A.
Sarah N. Westcot
701 Brickell Avenue, Suite 1420
Miami, FL 33131
Tel: (305) 330-5512
E-Mail: swestcot@bursor.com

30

IN WITNESS HEREOF the undersigned, being duly authorized, have caused this Agreement to be executed on the dates shown below and agree that it shall take effect on the last date it is executed by all of the undersigned.

Dated: April 21, 2023

Jason Goldstein (Apr 21, 2023 12:46 EDT)
Jason Goldstein
*Plaintiff*


Dated: _____

Brad Davis
*Plaintiff*


Dated: _____

Maria Lazo
*Plaintiff*


Dated: 04/21/2023

Mosanthony Wilson
*Plaintiff*


Dated: _____

James Corsey
*Plaintiff*


Dated: _____

LEVIN SEDRAN & BERMAN
Charles E. Schaffer, Esq.
510 Walnut Street, Suite 500
Philadelphia, PA 19106
Tel: 215-592-1500
E-Mail: cschaffer@lfsblaw.com


Dated: April 21, 2023

*Sarah N. Westcot*
BURSOR & FISHER, P.A.
Sarah N. Westcot
701 Brickell Avenue, Suite 1420
Miami, FL 33131
Tel: (305) 330-5512
E-Mail: swestcot@bursor.com

Dated: 4/21/2023

MILBERG COLEMAN BRYSON
PHILLIPS GROSSMAN PLLC
Nick Suciu, III
6905 Telegraph Rd., Suite 115
Bloomfield Hills, MI 48301
Tel: (313) 303-3472
E-Mail: nsuciu@milberg.com

Dated: _____

THE SULTZER LAW GROUP P.C.
Jason P. Sultzer
270 Madison Avenue, Suite 1800
New York, NY 10016
Tel: (845) 483-7100
E-Mail: sultzerj@thesultzerlawgroup.com

Dated: _____

LEVI & KORSINSKY, LLP
Mark S. Reich
55 Broadway, 10th Floor
New York, NY 10006
Tel: (845) 483-7100
E-Mail: mreich@zlk.com

*On behalf of Plaintiffs and the Settlement
Class*

Dated: _____

By: _____
*On behalf of Henkel Corporation*

Dated: _____

By: _____
*On behalf of Henkel Corporation*

Dated: _____

By: Craig C. Cappozzo
*On behalf of Thriving Brands LLC*

IN WITNESS HEREOF the undersigned, being duly authorized, have caused this Agreement to be executed on the dates shown below and agree that it shall take effect on the last date it is executed by all of the undersigned.

Dated: _____

_____
Jason Goldstein
*Plaintiff*

Dated: April 25/23 _____

_____
Brad Davis (Apr 25, 2023 15:07 EDT)
Brad Davis
*Plaintiff*

Dated: _4/25/2023_

_____
Maria Lazo
*Plaintiff*

Dated: _____

_____
Mosanthony Wilson
*Plaintiff*

Dated: _____

_____
James Corsey
*Plaintiff*

Dated: _____

_____
LEVIN SEDRAN & BERMAN
Charles E. Schaffer, Esq.
510 Walnut Street, Suite 500
Philadelphia, PA 19106
Tel: 215-592-1500
E-Mail: cschaffer@lfsblaw.com

Dated: _____

_____
BURSOR & FISHER, P.A.
Sarah N. Westcot
701 Brickell Avenue, Suite 1420
Miami, FL 33131
Tel: (305) 330-5512

30

E-Mail: swestcot@bursor.com

Dated: _____

_____

MILBERG COLEMAN BRYSON
PHILLIPS GROSSMAN PLLC
Nick Suciu, III
6905 Telegraph Rd., Suite 115
Bloomfield Hills, MI 48301
Tel: (313) 303-3472
E-Mail: nsuciu@milberg.com

Dated: 4/25/2023
_____

_____

THE SULTZER LAW GROUP P.C.
Jason P. Sultzer
270 Madison Avenue, Suite 1800
New York, NY 10016
Tel: (845) 483-7100
E-Mail: sultzerj@thesultzerlawgroup.com

Dated: 4/25/2023
_____

_____

LEVI & KORSINSKY, LLP
Mark S. Reich
55 Broadway, 10th Floor
New York, NY 10006
Tel: (845) 483-7100
E-Mail: mreich@zlk.com

*On behalf of Plaintiffs and the Settlement Class*

Dated: _____

_____
By:
*On behalf of Henkel Corporation*

Dated: _____

_____
By:
*On behalf of Henkel Corporation*

Dated: _____

_____
By: Craig C. Cappozzo
*On behalf of Thriving Brands LLC*

31

IN WITNESS HEREOF the undersigned, being duly authorized, have caused this Agreement to be executed on the dates shown below and agree that it shall take effect on the last date it is executed by all of the undersigned.

Dated: _____

_____
Jason Goldstein
*Plaintiff*

Dated: _____

_____
Brad Davis
*Plaintiff*

Dated: _4/25/2023_

_____
Maria Lazo
*Plaintiff*

Dated: _____

_____
Mosanthony Wilson
*Plaintiff*

Dated: _____

_____
James Corsey
*Plaintiff*

Dated: 4/26/23

_____
LEVIN SEDRAN & BERMAN
Charles E. Schaffer, Esq.
510 Walnut Street, Suite 500
Philadelphia, PA 19106
Tel: 215-592-1500
E-Mail: cschaffer@lfsblaw.com

Dated: _____

_____
BURSOR & FISHER, P.A.
Sarah N. Westcot
701 Brickell Avenue, Suite 1420
Miami, FL 33131
Tel: (305) 330-5512

30

E-Mail: swestcot@bursor.com

Dated: _____

MILBERG COLEMAN BRYSON
PHILLIPS GROSSMAN PLLC
Nick Suciu, III
6905 Telegraph Rd., Suite 115
Bloomfield Hills, MI 48301
Tel: (313) 303-3472
E-Mail: nsuciu@milberg.com

Dated: 4/25/2023

THE SULTZER LAW GROUP P.C.
Jason P. Sultzer
270 Madison Avenue, Suite 1800
New York, NY 10016
Tel: (845) 483-7100
E-Mail: sultzerj@thesultzerlawgroup.com

Dated: _____

LEVI & KORSINSKY, LLP
Mark S. Reich
55 Broadway, 10th Floor
New York, NY 10006
Tel: (845) 483-7100
E-Mail: mreich@zlk.com

*On behalf of Plaintiffs and the Settlement
Class*

Dated: _____

By: _____
*On behalf of Henkel Corporation*

Dated: _____

By: _____
*On behalf of Henkel Corporation*

Dated: _____

By: Craig C. Cappozzo
*On behalf of Thriving Brands LLC*

31

Dated: _April 26, 2023_

By: Craig C. Cappozzo
*On behalf of Thriving Brands LLC*

Dated:  April 25, 2023

Keith E. Smith
GREENBERG TRAURIG LLP
1717 Arch Streets
Two Logan Square, Suite 400
Philadelphia, PA 19103
Email:  smithkei@gtlaw.com

*Attorneys for Henkel Corporation and Thriving Brands LLC*

IN WITNESS HEREOF the undersigned, being duly authorized, have caused this Agreement to be executed on the dates shown below and agree that it shall take effect on the last date it is executed by all of the undersigned.

Dated: __April 21, 2023__

Jason Goldstein (Apr 21, 2023 12:46 EDT)
Jason Goldstein
*Plaintiff*

Dated: _____

Brad Davis
*Plaintiff*

Dated: _____

Maria Lazo
*Plaintiff*

Dated: 04/21/2023

Mosanthony Wilson
*Plaintiff*

Dated: Apr 26, 2023

James L. Corsey (Apr 26, 2023 13:52 EDT)
James Corsey
*Plaintiff*

Dated: _____

LEVIN SEDRAN & BERMAN
Charles E. Schaffer, Esq.
510 Walnut Street, Suite 500
Philadelphia, PA 19106
Tel: 215-592-1500
E-Mail: cschaffer@lfsblaw.com

Dated: April 21, 2023

*Sarah N. Westcot*
BURSOR & FISHER, P.A.
Sarah N. Westcot
701 Brickell Avenue, Suite 1420
Miami, FL 33131
Tel: (305) 330-5512
E-Mail: swestcot@bursor.com

Dated: _____

MILBERG COLEMAN BRYSON
PHILLIPS GROSSMAN PLLC
Nick Suciu, III
6905 Telegraph Rd., Suite 115
Bloomfield Hills, MI 48301
Tel: (313) 303-3472
E-Mail: nsuciu@milberg.com

Dated: _____

THE SULTZER LAW GROUP P.C.
Jason P. Sultzer
270 Madison Avenue, Suite 1800
New York, NY 10016
Tel: (845) 483-7100
E-Mail: sultzerj@thesultzerlawgroup.com

Dated: _____

LEVI & KORSINSKY, LLP
Mark S. Reich
55 Broadway, 10th Floor
New York, NY 10006
Tel: (845) 483-7100
E-Mail: mreich@zlk.com

*On behalf of Plaintiffs and the Settlement Class*

Dated: _____

By: Vildan Oenpeker-Cerci
SVP Marketing Beauty Care & Innovation

*On behalf of Henkel Corporation*

Dated: 4/26/2023

By: Steven Essick,
Regional President North America

*On behalf of Henkel Corporation*

Approved as to Form

Henkel NA Law Dept
DEBORAH A. VENNOS

31

## **LIST OF EXHIBITS**

Exhibit A: Claim Form

Exhibit B: Notice Plan

Exhibit B1: Long Form Notice

Exhibit B2: Short Form Notice

Exhibit B3: Online Advertisements

Exhibit C: Proposed Order of Preliminary Approval

Exhibit D: Proposed Order of Final Approval

# EXHIBIT "A"

<table>
<tr><td>

**Your claim form
must be submitted
online or
postmarked by:
[DEADLINE]**

</td><td>

# United States District Court
# District of Connecticut

*Goldstein v. Henkel Corporation and Thriving Brands LLC*
Case No. 3:22-cv-00164

## Claim Form

</td><td>

**RGD**

</td></tr>
</table>

### CLAIM FORM INSTRUCTIONS

1. You may submit your Claim Form online at [WEBSITE URL] or by U.S. Mail to the following address: *Right Guard Spray Antiperspirant Settlement*, c/o Claim Administrator, 1650 Arch Street, Suite 2210, Philadelphia, PA 19103. Please make sure to include the completed and signed Claim Form and all supporting materials in one envelope.

2. You must complete the entire Claim Form. Please type or write your responses legibly.

3. Please keep a copy of your Claim Form and any supporting materials you submit. Do not submit your only copy of the supporting documents. Materials submitted will not be returned. Copies of documentation submitted in support of your Claim should be clear and legible.

4. If your Claim Form is incomplete or missing information, the Claim Administrator may contact you for additional information. If you do not respond, the Claim Administrator will be unable to process your claim, and you will waive your right to receive money under the Settlement.

5. If you have any questions, please contact the Claim Administrator by email at [EMAIL ADDRESS] or by mail at the address listed above.

6. **You must notify the Claim Administrator if your address changes. If you do not, you may not receive your payment.**

7. **DEADLINE -- Your claim must be submitted online by [DEADLINE DATE]. Claim Forms submitted by mail must be mailed to the Claim Administrator postmarked no later than [DEADLINE DATE].**

1

<table>
<tr><td>

**Your claim form must be submitted online or postmarked by: [DEADLINE]**

</td><td>

**United States District Court**
**District of Connecticut**

*Goldstein v. Henkel Corporation and Thriving Brands LLC*
Case No. 3:22-cv-00164

**Claim Form**

</td><td>

**RGD**

</td></tr>
</table>

---

## I.  NAME AND CONTACT INFORMATION

Provide your name and contact information below. You must notify the Claim Administrator if your contact information changes after you submit this form.

| | |
|---|---|
| **First Name** | **Last Name** |

**Street Address**

| | | |
|---|---|---|
| **City** | **State** | **Zip Code** |

**Email Address**

---

## II.  PURCHASE INFORMATION

Please select **one** of the following options:

☐  **I am enclosing proof of purchase** that reasonably establishes the fact and date of the purchase of one or more Covered Products[1] between November 19, 2018 and [date of preliminary approval]. You are eligible to receive up to $3.00 for each Covered Product for which proof of purchase is provided.

Please provide the number of Covered Products for which you are providing proof of purchase:

☐  **I do not have proof of purchase.**  Provide the Covered Product names(s) and approximate date(s) of purchase in the chart on the next page. You will receive $1.75 for each Covered Product purchased, up to a maximum of 5 Covered Products claimed per household.

Note: Settlement Class Member payments may be increased or decreased on a *pro rata* basis depending on the number of valid Claims submitted and the amount of the Available Settlement Funds.

---

[1] Covered Product means the Right Guard Sport and Right Guard Extreme antiperspirant aerosol and spray products.

2

<table>
<tr><td rowspan="2" style="border: 2px solid black">**Your claim form must be submitted online or postmarked by: [DEADLINE]**</td><td>**United States District Court**<br>**District of Connecticut**</td><td rowspan="2" style="border: 2px solid black">**RGD**</td></tr>
</table>

**United States District Court**
**District of Connecticut**

*Goldstein v. Henkel Corporation and Thriving Brands LLC*
Case No. 3:22-cv-00164

**Claim Form**

|     | **Covered Product Name** | **Approximate Date of Purchase (MM/DD/YY)** |
|-----|--------------------------|---------------------------------------------|
| 1.  |                          |                                             |
| 2.  |                          |                                             |
| 3.  |                          |                                             |
| 4.  |                          |                                             |
| 5.  |                          |                                             |

## III.  PAYMENT SELECTION

Please select **one** of the following payment options:

☐ **Prepaid Mastercard –** Enter the email address where you will receive the Prepaid Mastercard:

_____

☐ **PayPal -** Enter your PayPal email address: _____

☐ **Venmo -** Enter the mobile number associated with your Venmo account: __ __ __-__ __ __-__ __ __ __

☐ **Zelle -** Enter the email address or mobile number associated with your Zelle account:

_____

☐ **Physical Check -** Payment will be mailed to the address provided above.

## IV.  VERIFICATION AND ATTESTATION UNDER PENALTY OF PERJURY

By signing below and submitting this Claim Form, I hereby swear under penalty of perjury that I am the person identified above and the information provided in this Claim Form, including supporting documentation, is true and correct, and that nobody has submitted another claim in connection with this Settlement on my behalf.

_____     Date: _____
Your signature                                                        MM        DD        YYYY

_____
Your name

# EXHIBIT "B"

# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| JASON GOLDSTEIN, BRAD DAVIS, MARIA LAZO, MOSANTHONY WILSON and JAMES CORSEY, on behalf of themselves and all others similarly situated,<br><br>                        Plaintiffs,<br><br>     v.<br><br>HENKEL CORPORATION and THRIVING BRANDS LLC,<br><br>                     Defendants. | Case No. 3:22-cv-00164-AWT |

## DECLARATION OF STEVEN WEISBROT, ESQ. RE: ANGEION GROUP, LLC QUALIFICATIONS AND IMPLEMENTATION OF THE NOTICE PLAN

I, Steven Weisbrot, hereby declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the following is true and correct:

1.      I am the President and Chief Executive Officer at the class action notice and claims administration firm Angeion Group, LLC ("Angeion"). Angeion specializes in designing, developing, analyzing, and implementing large-scale, un-biased, legal notification plans.

2.      I have personal knowledge of the matters stated herein. In forming my opinions regarding notice in this action, I have drawn from my extensive class action experience, as described below.

3.      I have been responsible in whole or in part for the design and implementation of hundreds of court-approved notice and administration programs, including some of the largest and most complex notice plans in recent history. I have taught numerous accredited Continuing Legal Education courses on the Ethics of Legal Notification in Class Action Settlements, using Digital Media in Due Process Notice Programs, as well as Claims Administration, generally. I am the author of multiple articles on Class Action Notice, Claims Administration, and Notice Design in publications such as Bloomberg, BNA Class Action Litigation Report, Law360, the ABA Class

Action and Derivative Section Newsletter, and I am a frequent speaker on notice issues at conferences throughout the United States and internationally.

4.      I was certified as a professional in digital media sales by the Interactive Advertising Bureau ("IAB"), and I am co-author of the Digital Media section of Duke Law's *Guidelines and Best Practices—Implementing 2018 Amendments to Rule 23* and the soon to be published George Washington Law School Best Practices Guide to Class Action Litigation.

5.      I have given public comment and written guidance to the Judicial Conference Committee on Rules of Practice and Procedure on the role of direct mail, email, broadcast media, digital media, and print publication, in effecting Due Process notice, and I have met with representatives of the Federal Judicial Center to discuss the 2018 amendments to Rule 23 and offered an educational curriculum for the judiciary concerning notice procedures.

6.      Prior to joining Angeion's executive team, I was employed as Director of Class Action services at Kurtzman Carson Consultants, an experienced notice and settlement administrator. Prior to my notice and claims administration experience, I was employed in private law practice.

7.      My notice work comprises a wide range of class actions that include false advertising, data breach, mass disasters, product defect, employment discrimination, antitrust, tobacco, banking, firearm, insurance, and bankruptcy cases.

8.      I have been at the forefront of infusing digital media, as well as big data and advanced targeting, into class action notice programs. Courts have repeatedly recognized my work in the design of class action notice programs. A comprehensive summary of judicial recognition Angeion has received is attached hereto as **Exhibit A**.

9.      By way of background, Angeion is an experienced class action notice and claims administration company formed by a team of executives that have had extensive tenures at five other nationally recognized claims administration companies. Collectively, the management team at Angeion has overseen more than 2,000 class action settlements and distributed over $15 billion to class members. The executive profiles as well as the company overview are available at https://www.angeiongroup.com/our_team.php.

2

10.     As a class action administrator, Angeion has regularly been approved by both federal and state courts throughout the United States and abroad to provide notice of class actions and claims processing services.

11.     This declaration will describe the Notice Plan for the Class that, if approved by the Court, Angeion will implement in this matter, including the considerations that informed the development of the plan and why we believe it will provide due process to Settlement Class Members.  In my professional opinion, the proposed Notice Plan described herein is the best practicable notice under the circumstances and fulfills all due process requirements, fully comporting with Fed. R. Civ. P. 23.

## OVERVIEW OF THE NOTICE PLAN

12.     The proposed Notice Plan provides for direct notice combined with a robust media campaign consisting of state-of-the-art targeted internet notice, social media notice, and search engine marketing. The Notice Plan further provides for the issuance of a press release, a sponsored listing on a leading consumer facing website, and the implementation of a dedicated settlement website and toll-free telephone line where Settlement Class Members can learn more about their rights and options pursuant to the terms of the Settlement.

13.     As discussed in greater detail below, the media campaign component of the Notice Plan is designed to deliver an approximate 75.02% reach with an average frequency of 3.29 times. This number is calculated using objective syndicated advertising data relied upon by most advertising agencies and brand advertisers. It is further verified by sophisticated media software and calculation engines that cross reference which media is being purchased with the media habits of our specific Target Audience. What this means in practice is that 75.02% of our Target Audience will see a digital advertisement concerning the Settlement an average of 3.29 times each.  The 75.02% reach is separate and apart from the direct notice efforts, press release, sponsored listing, dedicated website and toll-free telephone line, which are difficult to measure in terms of reach percentage but will nonetheless provide awareness and further diffuse news of the Settlement to Settlement Class Members.

3

14.     The Federal Judicial Center states that a publication notice plan that reaches 70% of class members is one that reaches a "high percentage" and is within the "norm". Barbara J. Rothstein & Thomas E. Willging, Federal Judicial Center, "Managing Class Action Litigation: A Pocket Guide or Judges", at 27 (3d Ed. 2010).

## DIRECT NOTICE

**Mailed Notice**

15.     As part of the Notice Plan, Angeion will send notice ("Notice") via first class U.S. Mail, postage pre-paid, to all Settlement Class Members for whom mailing addresses are included on the class list provided to Angeion.

16.     Angeion will employ the following best practices to increase the deliverability rate of the mailed Notices:  (i) Angeion will cause the mailing address information for members of the Settlement Class to be updated utilizing the United States Postal Service's ("USPS") National Change of Address database, which provides updated address information for individuals or entities who have moved during the previous four years and filed a change of address with the USPS; (ii) Notices returned to Angeion by the USPS with a forwarding address will be re-mailed to the new address provided by the USPS and the class member database will be updated accordingly; (iii) Notices returned to Angeion by the USPS without forwarding addresses will be subjected to an address verification search (commonly referred to as "skip tracing") utilizing a wide variety of data sources, including public records, real estate records, electronic directory assistance listings, etc., to locate updated addresses; (iv) Notices will be re-mailed to Settlement Class Members for whom updated addresses were identified via the skip tracing process.

## MEDIA NOTICE

**Programmatic Display Advertising**

17.     Angeion will utilize a form of internet advertising known as Programmatic Display Advertising[1], which is the leading method of buying digital advertisements in the United States,

---

[1] Programmatic Display Advertising is a trusted method specifically utilized to reach defined target audiences. It has been reported that U.S. advertisers spent nearly $123.22 billion on programmatic display advertising in 2022, and it

to provide notice of the Settlement to Settlement Class Members. In laymen's terms, programmatic advertising is a method of advertising where an algorithm identifies and examines demographic profiles and uses advanced technology to place advertisements on the websites where members of the audience are most likely to visit (these websites are accessible on computers, mobile phones and tablets). The media notice outlined below is strategically designed to provide notice of the Settlement to these individuals by driving them to the dedicated website where they can learn more about the Settlement, including their rights and options.

18.     To develop the media notice campaign and to verify its effectiveness, our media team analyzed data from 2022 comScore Multi-Platform/MRI Simmons USA Fusion[2] to profile the class and arrive at an appropriate Target Audience based on criteria pertinent to this Settlement. Specifically, the following syndicated research definition was used to profile potential Class Members: Deodorants and Antiperspirants: Total Users: Used in last 6 months: Right Guard Sport Spray.

19.     Based on the target definition used, the size of the Target Audience for the media notice campaign is approximately 2,142,000 individuals. Digital media platforms provide numerous data segments dedicated to consumer package goods brands. We will rely heavily on that data to help us ensure we are reaching Right Guard antiperspirant purchasers.

20.     It is important to note that the Target Audience is distinct from the class definition, as is commonplace in class action notice plans. Utilizing a proxy audience maximizes the efficacy of the notice plan and is considered a best practice among media planners and class action notice experts alike. Using proxy audiences is also commonplace in both class action litigation and

---

is estimated that approximately $141.96 billion will be spent on programmatic display advertising 2023. See https://content-na1.emarketer.com/us-programmatic-digital-display-ad-spending-2022#page-report.

[2] GfK MediaMark Research and Intelligence LLC ("GfK MRI") provides demographic, brand preference and media-use habits, and captures in-depth information on consumer media choices, attitudes, and consumption of products and services in nearly 600 categories. comSCORE, Inc. ("comSCORE") is a leading cross-platform measurement and analytics company that precisely measures audiences, brands, and consumer behavior, capturing 1.9 trillion global interactions monthly. comSCORE's proprietary digital audience measurement methodology allows marketers to calculate audience reach in a manner not affected by variables such as cookie deletion and cookie blocking/rejection, allowing these audiences to be reach more effectively. comSCORE operates in more than 75 countries, including the United States, serving over 3,200 clients worldwide.

advertising generally[3].

21.     Additionally, the Target Audience is based on objective syndicated data, which is routinely used by advertising agencies and experts to understand the demographics, shopping habits and attitudes of the consumers that they are seeking to reach[4]. Using this form of objective data will allow the parties to report the reach and frequency to the Court, with the confidence that the reach percentage and the number of exposure opportunities complies with due process and exceeds the Federal Judicial Center's threshold as to reasonableness in notification programs. Virtually all professional advertising agencies and commercial media departments use objective syndicated data tools, like the ones described above, to quantify net reach. Sources like these guarantee that advertising placements can be measured against an objective basis and confirm that reporting statistics are not overstated. They are ubiquitous tools in a media planner's arsenal and are regularly accepted by courts in evaluating the efficacy of a media plan, or its component parts. Understanding the socio-economic characteristics, interests and practices of a target group aids in the proper selection of media to reach that target. Here, the Target Audience has been reported to have the following characteristics:

- 58.87% are ages 55 and above, with a median age of 59.1 years old

- 74.94% are male

- 58.80% are married

- 30.20% have children

- 29.91% have received a bachelor's or post-graduate degree

- 37.47% are currently employed full time

- The average household income is $75,230

---

[3] If the total population base (or number of class members) is unknown, it is accepted advertising and communication practice to use a proxy-media definition, which is based on accepted media research tools and methods that will allow the notice expert to establish that number. The percentage of the population reached by supporting media can then be established. Duke Law School, GUIDELINES AND BEST PRACTICES IMPLEMENTING 2018 AMENDMENTS TO RULE 23 CLASS ACTION SETTLEMENT PROVISIONS, at 56.

[4] The notice plan should include an analysis of the makeup of the class. The target audience should be defined and quantified. This can be established through using a known group of customers, or it can be based on a proxy-media definition. Both methods have been accepted by the courts and, more generally, by the advertising industry, to determine a population base. Id at 56.

- 76.26% have used social media in the last 30 days

22.     To identify the best vehicles to deliver messaging to the Target Audience, the media quintiles, which measure the degree to which an audience uses media relative to the general population were reviewed. Here, the objective syndicated data shows that members of the Target Audience spend an average of approximately 27.2 hours per month on the internet.

23.     Given the strength of digital advertising, as well as our Target Audience's consistent internet use, we recommend utilizing a robust internet advertising campaign to reach Settlement Class Members. This media schedule will allow us to deliver an effective reach level and a vigorous frequency, which will provide due and proper notice to the Settlement Class.

24.     Multiple targeting layers will be implemented into the programmatic campaign to help ensure delivery to the most appropriate users, inclusive of the following tactics:

- Look-a-like Modeling: This technique utilizes data methods to build a look-a-like audience against known Settlement Class Members.

- Predictive Targeting: This technique allows technology to "predict" which users will be served the advertisement about the settlement.

- Audience Targeting: This technique utilizes technology and data to serve the impressions to the intended audience based on demographics, purchase behaviors and interests.

- Site Retargeting: This technique is a targeting method used to reach potential Settlement Class Members who have already visited the dedicated case website while they browse other pages. This allows Angeion to provide a potential Settlement Class Member sufficient exposure to an advertisement about the Settlement.

- Geotargeting: The campaign will be targeted nationwide. If sufficient data is available, the campaign will leverage a weighted delivery based on the geographic spread of the Target Audience throughout the country.

25.     To combat the possibility of non-human viewership of the digital advertisements and to verify effective unique placements, Angeion employs Oracle's BlueKai, Adobe's Audience

Manger and/or Lotame, which are demand management platforms ("DMP"). DMPs allow Angeion to learn more about the online audiences that are being reached. Further, online ad verification and security providers such as Comscore Content Activation, DoubleVerify, Grapeshot, Peer39 and Moat will be deployed to provide a higher quality of service to ad performance.

**Social Media Advertising**

26.     The social media campaign component of the proposed Notice Plan will utilize Facebook and Instagram, two of the leading social media platforms[5] in the United States. The social media campaign uses an interest-based approach which focuses on the interests that users exhibit while on the social media platforms, capitalizing on the Target Audience's propensity to engage in social media (76.26% of the Target Audience have used social media in the last 30 days).

27.     The social media campaign will utilize specific tactics to further qualify and deliver impressions to the Target Audience. We will use Facebook Marketing platform and its technology to serve ads on both Facebook and Instagram against the Target Audience. Look-a-like modeling allows the use of consumer characteristics to serve ads. Based on these characteristics, we can build different consumer profile segments to ensure the notice plan messaging is delivered to the proper audience. Conquesting allows ads to be served in relevant placements to further alert prospective Settlement Class Members. The social media ads will be targeted nationwide. If sufficient data is available, the campaign will leverage a weighted delivery based on the geographic spread of the Target Audience throughout the country.

28.     The social media campaign will engage with the Target Audience via a mix of news feed and story units to optimize performance via the Facebook and Instagram desktop sites, mobile sites, and mobile apps. Facebook image ads will appear natively in desktop newsfeeds (on Facebook.com) and mobile app newsfeeds (via the Facebook app or Facebook.com mobile site), and on desktops via right-column ads. Instagram Photo and Stories ads will appear on the desktop

---

[5] In the United States in 2021, Facebook had approximately 302.28 million users; Instagram had approximately 118.9 million users; See:
https://www.statista.com/statistics/408971/number-of-us-facebook-users/
https://www.statista.com/statistics/293771/number-of-us-instagram-users/

site (on Instagram.com) and mobile app feed (via the Instagram app or Instagram.com mobile site), and in users' story feeds.

**Search Engine Marketing**

29.     The Notice Plan also includes a paid search campaign on Google to help drive Settlement Class Members who are actively searching for information about the Settlement to the dedicated Settlement Website. Paid search ads will complement the programmatic and social media campaigns, as search engines are frequently used to locate a specific website, rather than a person typing in the URL. Search terms would relate to not only the Settlement itself but also the subject-matter of the litigation. In other words, the paid search ads are driven by the individual user's search activity, such that if that individual searches for (or has recently searched for) the Settlement, litigation or other terms related to the Settlement, that individual could be served with an advertisement directing them to the Settlement Website.

**Press Release**

30.     Angeion will also cause a press release to be distributed over PR Newswire (or a similar press release distribution service) to further diffuse news of the Settlement. The press release will help garner "earned media" (i.e., other media outlets and/or publications will report the story) separate and apart to supplement the notice efforts outlined herein which will lead to increased awareness and participation amongst members of the Settlement Class.

**Sponsored Class Action Website Listing**

31.     Notice of the Settlement will further be promoted via a sponsored listing on a leading consumer facing website. While this is not capable of precise reach calculations and is not included in the reach and frequency figures presented to the Court, this mechanism will serve an important function in that it will help stimulate interest in the Settlement and drive Settlement Class Members to the dedicated Settlement Website to read and understand their rights and options under the Settlement.

**SETTLEMENT WEBSITE & TOLL-FREE TELEPHONE SUPPORT**

32.      The Notice Plan will also implement the creation of a case-specific website, where Settlement Class Members can easily view general information about this class action Settlement, review relevant Court documents, and view important dates and deadlines pertinent to the Settlement.  The Settlement Website will be designed to be user-friendly and make it easy for Settlement Class Members to find information about the case. The Settlement Website will also have a "Contact Us" page whereby Settlement Class Members can send an email with any additional questions to a dedicated email address.  Likewise, Settlement Class Members will also be able to submit a claim form online via the Settlement Website.

33.      A toll-free hotline devoted to this case will be implemented to further apprise Settlement Class Members of their rights and options pursuant to the terms of the Settlement.  The toll-free hotline will utilize an interactive voice response ("IVR") system to provide Settlement Class Members with responses to frequently asked questions and provide essential information regarding the Settlement. This hotline will be accessible 24 hours a day, 7 days a week.  Additionally, Settlement Class Members will be able to request a copy of the Notice or Claim Form via the toll-free hotline.

**NOTICE PURSUANT TO THE CLASS ACTION FAIRNESS ACT OF 2005**

34.      Within ten days of the filing of the Settlement Agreement with this Court, notice will be disseminated to the appropriate state and federal officials pursuant to the requirements of the Class Action Fairness Act, 28 U.S.C. §1715.

**PLAIN LANGUAGE NOTICE DESIGN**

35.      The proposed Notice forms used in this matter are designed to be "noticed," reviewed, and by presenting the information in plain language, understood by members of the Settlement Class. The design of the notices follows the principles embodied in the Federal Judicial Center's illustrative "model" notices posted at www.fjc.gov. The notice forms contain plain-language summaries of key information about the rights and options of members of the Settlement Class pursuant to the Settlement. Consistent with normal practice, prior to being delivered and published,

all notice documents will undergo a final edit for accuracy.

36.     Rule 23(c)(2) of the Federal Rules of Civil Procedure requires class action notices to be written in "plain, easily understood language." Angeion Group maintains a strong commitment to adhering to this requirement, drawing on its experience and expertise to craft notices that effectively convey the necessary information to Settlement Class Members in plain language.

## REACH AND FREQUENCY

37.     This declaration describes the reach and frequency evidence which courts systemically rely upon in reviewing class action publication notice programs for adequacy.  The reach percentage exceeds the guidelines as set forth in the Federal Judicial Center's Judges' Class Action Notice and Claims Process Checklist and Plain Language Guide to effectuate a notice program which reaches a high degree of class members.

38.     Specifically, the media portions of the Notice Plan are designed to deliver an approximate 75.02% reach with an average frequency of 3.29 times each.  The 75.02% reach does not include the direct notice efforts, press release, sponsored listing, dedicated settlement website or toll-free hotline, which are not calculable in reach percentage but will nonetheless aid in informing Settlement Class Members of their rights and options under the Settlement.

## CONCLUSION

39.     The Notice Plan outlined above includes direct notice via mail supplemented by a robust media campaign consisting of state-of-the-art internet advertising, a comprehensive social media campaign and a search engine marketing campaign.  Further, the Notice Plan provides for the issuance of a press release, sponsored listing, the implementation of a dedicated settlement website and toll-free hotline to further inform Settlement Class Members of their rights and options in the Settlement.

40.     In my professional opinion, the Notice Plan described herein will provide full and proper notice to Settlement Class Members before the claims, opt-out, and objection deadlines.  Moreover, it is my opinion that Notice Plan is the best notice that is practicable under the

circumstances, fully comports with due process and Fed. R. Civ. P. 23.  After the Notice Plan has concluded, Angeion will provide a final report verifying its effective implementation to this Court.

I hereby declare under penalty of perjury that the foregoing is true and correct.

Dated:  April 24, 2023

STEVEN WEISBROT

# Exhibit A



# INNOVATION
## IT'S PART OF OUR DNA

class action | mass tort | legal noticing | litigation support



# Judicial Recognition

© Angeion Group, LLC



### IN RE: APPLE INC. DEVICE PERFORMANCE LITIGATION
**Case No. 5:18-md-02827**

The Honorable Edward J. Davila, United States District Court, Northern District of California (March 17, 2021): Angeion undertook a comprehensive notice campaign…The notice program was well executed, far-reaching, and exceeded both Federal Rule of Civil Procedure 23(c)(2)(B)'s requirement to provide the "best notice that is practicable under the circumstances" and Rule 23(e)(1)(B)'s requirement to provide "direct notice in a reasonable manner."

### IN RE: TIKTOK, INC., CONSUMER PRIVACY LITIGATION
**Case No. 1:20-cv-04699**

The Honorable John Z. Lee, United States District Court, Northern District of Illinois (October 1, 2021): The Court approves, as to form and content, the proposed Class Notices submitted to the Court. The Court finds that the Settlement Class Notice Program outlined in the Declaration of Steven Weisbrot on Settlement Notices and Notice Plan (i) is the best practicable notice; (ii) is reasonably calculated, under the circumstances, to apprise the Settlement Class of the pendency of the Action and of their right to object to or to exclude themselves from the proposed settlement; (iii) is reasonable and constitutes due, adequate and sufficient notice to all persons entitled to receive notice; and (iv) meets all requirements of applicable law, Federal Rule of Civil Procedure 23, and due process.

### IN RE: GOOGLE PLUS PROFILE LITIGATION
**Case No. 5:18-cv-06164**

The Honorable Edward J. Davila, United States District Court, Northern District of California (January 25, 2021): The Court further finds that the program for disseminating notice to Settlement Class Members provided for in the Settlement, and previously approved and directed by the Court (hereinafter, the "Notice Program"), has been implemented by the Settlement Administrator and the Parties, and such Notice Program, including the approved forms of notice, is reasonable and appropriate and satisfies all applicable due process and other requirements, and constitutes best notice reasonably calculated under the circumstances to apprise Settlement Class Members…

### IN RE: FACEBOOK INTERNET TRACKING LITIGATION
**Case No. 5:12-md-02314**

The Honorable Edward J. Davila, United States District Court, Northern District of California (March 31, 2022): The Court approves the Notice Plan, Notice of Proposed Class Action Settlement, Claim Form, and Opt-Out Form, which are attached to the Settlement Agreement as Exhibits B-E, and finds that their dissemination substantially in the manner and form set forth in the Settlement Agreement meets the requirements of Federal Rule of Civil Procedure 23 and due process, constitutes the best notice practicable under the circumstances, and is reasonably calculated, under the circumstances, to apprise members of the Settlement Class of the pendency of the Actions, the effect of the proposed Settlement (including the releases contained therein), the anticipated Motion for a Fee and Expense Award and for Service Awards, and their rights to participate in, opt out of, or object to any aspect of the proposed Settlement.



### CITY OF LONG BEACH v. MONSANTO COMPANY
**Case No. 2:16-cv-03493**

The Honorable Fernando M. Olguin, United States District Court, Central District of California (March 14, 2022): The court approves the form, substance, and requirements of the class Notice, (Dkt.278-2, Settlement Agreement, Exh. I). The proposed manner of notice of the settlement set forth in the Settlement Agreement constitutes the best notice practicable under the circumstances and complies with the requirements of due process.

### STEWART v. LEXISNEXIS RISK DATA RETRIEVAL SERVICES, LLC
**Case No. 3:20-cv-00903**

The Honorable John A. Gibney Jr., United States District Court, Eastern District of Virginia (February 25, 2022): The proposed forms and methods for notifying the proposed Settlement Class Members of the Settlement and its terms and conditions meet the requirements of Fed. R. Civ. P. 23(c)(2)(B) and due process, constitute the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all persons and entities entitled to notice…Based on the foregoing, the Court hereby approves the notice plans developed by the Parties and the Settlement Administrator and directs that they be implemented according to the Agreement and the notice plans attached as exhibits.

### WILLIAMS v. APPLE INC.
**Case No. 3:19-cv-0400**

The Honorable Laurel Beeler, United States District Court, Northern District of California (February 24, 2022): The Court finds the Email Notice and Website Notice (attached to the Agreement as Exhibits 1 and 4, respectively), and their manner of transmission, implemented pursuant to the Agreement (a) are the best practicable notice, (b) are reasonably calculated, under the circumstances, to apprise the Subscriber Class of the pendency of the Action and of their right to object to or to exclude themselves from the proposed settlement, (c) are reasonable and constitute due, adequate and sufficient notice to all persons entitled to receive notice, and (d) meet all requirements of applicable law.

### CLEVELAND v. WHIRLPOOL CORPORATION
**Case No. 0:20-cv-01906**

The Honorable Wilhelmina M. Wright, United States District Court, District of Minnesota (December 16, 2021): It appears to the Court that the proposed Notice Plan described herein, and detailed in the Settlement Agreement, comports with due process, Rule 23, and all other applicable law. Class Notice consists of email notice and postcard notice when email addresses are unavailable, which is the best practicable notice under the circumstances…The proposed Notice Plan complies with the requirements of Rule 23, Fed. R. Civ. P., and due process, and Class Notice is to be sent to the Settlement Class Members as set forth in the Settlement Agreement and pursuant to the deadlines above.

*RASMUSSEN v. TESLA, INC. d/b/a TESLA MOTORS, INC.*

**Case No. 5:19-cv-04596**

The Honorable Beth Labson Freeman, United States District Court, Northern District of California (December 10, 2021): The Court has carefully considered the forms and methods of notice to the Settlement Class set forth in the Settlement Agreement ("Notice Plan"). The Court finds that the Notice Plan constitutes the best notice practicable under the circumstances and fully satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure, the requirements of due process, and the requirements of any other applicable law, such that the terms of the Settlement Agreement, the releases provided for therein, and this Court's final judgment will be binding on all Settlement Class Members.

*CAMERON v. APPLE INC.*

**Case No. 4:19-cv-03074**

The Honorable Yvonne Gonzalez Rogers, United States District Court, Northern District of California (November 16, 2021): The parties' proposed notice plan appears to be constitutionally sound in that plaintiffs have made a sufficient showing that it is: (i) the best notice practicable; (ii) reasonably calculated, under the circumstances, to apprise the Class members of the proposed settlement and of their right to object or to exclude themselves as provided in the settlement agreement; (iii) reasonable and constitute due, adequate, and sufficient notice to all persons entitled to receive notice; and (iv) meet all applicable requirements of due process and any other applicable requirements under federal law.

*RISTO v. SCREEN ACTORS GUILD-AMERICAN FEDERATION OF TELEVISION AND RADIO ARTISTS*

**Case No. 2:18-cv-07241**

The Honorable Christina A. Snyder, United States District Court, Central District of California (November 12, 2021):  The Court approves the publication notice plan presented to this Court as it will provide notice to potential class members through a combination of traditional and digital media that will consist of publication of notice via press release, programmatic display digital advertising, and targeted social media, all of which will direct Class Members to the Settlement website...The notice plan satisfies any due process concerns as this Court certified the class under Federal Rule of Civil Procedure 23(b)(1)...

*JENKINS v. NATIONAL GRID USA SERVICE COMPANY, INC.*

**Case No. 2:15-cv-01219**

The Honorable Joanna Seybert, United States District Court, Eastern District of New York (November 8, 2021):  Pursuant to Fed. R. Civ. P. 23(e)(1) and 23(c)(2)(B), the Court approves the proposed Notice Plan and procedures set forth at Section 8 of the Settlement, including the form and content of the proposed forms of notice to the Settlement Class attached as Exhibits C-G to the Settlement and the proposed procedures for Settlement Class Members to exclude themselves from the Settlement Class or object. The Court finds that the proposed Notice Plan meets the requirements of due process under the United States Constitution and Rule 23, and that such Notice Plan—which includes direct notice to Settlement Class Members sent via first class U.S. Mail and email; the establishment of a Settlement Website (at the URL, www.nationalgridtcpasettlement.com) where Settlement Class Members can view the full settlement agreement, the detailed long-form notice (in English and Spanish),

and other key case documents; publication notice in forms attached as Exhibits E and F to the Settlement sent via social media (Facebook and Instagram) and streaming radio (e.g., Pandora and iHeart Radio). The Notice Plan shall also include a paid search campaign on search engine(s) chosen by Angeion (e.g., Google) in the form attached as Exhibits G and the establishment of a toll-free telephone number where Settlement Class Members can get additional information—is the best notice practicable under the circumstances and shall constitute due and sufficient notice to all persons entitled thereto.

### NELLIS v. VIVID SEATS, LLC
**Case No. 1:20-cv-02486**

The Honorable Robert M. Dow, Jr., United States District Court, Northern District of Illinois (November 1, 2021):  The Notice Program, together with all included and ancillary documents thereto, (a) constituted reasonable notice; (b) constituted notice that was reasonably calculated under the circumstances to apprise members of the Settlement Class of the pendency of the Litigation…(c) constituted reasonable, due, adequate and sufficient notice to all Persons entitled to receive notice; and (d) met all applicable requirements of due process and any other applicable law. The Court finds that Settlement Class Members have been provided the best notice practicable of the Settlement and that such notice fully satisfies all requirements of law as well as all requirements of due process.

### PELLETIER v. ENDO INTERNATIONAL PLC
**Case No. 2:17-cv-05114**

The Honorable Michael M. Baylson, United States District Court, Eastern District of Pennsylvania (October 25, 2021): The Court approves, as to form and content, the Notice of Pendency and Proposed Settlement of Class Action (the "Notice"), the Proof of Claim and Release form (the "Proof of Claim"), and the Summary Notice, annexed hereto as Exhibits A-1, A-2, and A-3, respectively, and finds that the mailing and distribution of the Notice and publishing of the Summary Notice, substantially in the manner and form set forth in ¶¶7-10 of this Order, meet the requirements of Rule 23 and due process, and is the best notice practicable under the circumstances and shall constitute due and sufficient notice to all Persons entitled thereto.

### BIEGEL v. BLUE DIAMOND GROWERS
**Case No. 7:20-cv-03032**

The Honorable Cathy Seibel, United States District Court, Southern District of New York (October 25, 2021):  The Court finds that the Notice Plan, set forth in the Settlement Agreement and effectuated pursuant to the Preliminary Approval Order: (i) was the best notice practicable under the circumstances; (ii) was reasonably calculated to provide, and did provide, due and sufficient notice to the Settlement Class regarding the existence and nature of the Action…and (iii) satisfied the requirements of the Federal Rules of Civil Procedure, the United States Constitution, and all other applicable law.



*QUINTERO v. SAN DIEGO ASSOCIATION OF GOVERNMENTS*
**Case No. 37-2019-00017834-CU-NP-CTL**

The Honorable Eddie C. Sturgeon, Superior Court of the State of California, County of San Diego (September 27, 2021):  The Court has reviewed the class notices for the Settlement Class and the methods for providing notice and has determined that the parties will employ forms and methods of notice that constitute the best notice practicable under the circumstances; are reasonably calculated to apprise class members of the terms of the Settlement and of their right to participate in it, object, or opt-out; are reasonable and constitute due, adequate, and sufficient notice to all persons entitled to receive notice; and meet all constitutional and statutory requirements, including all due process requirements and the California Rules of Court.

*HOLVE v. MCCORMICK & COMPANY, INC.*
**Case No. 6:16-cv-06702**

The Honorable Mark W. Pedersen, United States District Court for the Western District of New York (September 23, 2021):  The Court finds that the form, content and method of giving notice to the Class as described in the Settlement Agreement and the Declaration of the Settlement Administrator: (a) will constitute the best practicable notice; (b) are reasonably calculated, under the circumstances, to apprise the Settlement Class Members of the pendency of the Action...(c) are reasonable and constitute due, adequate, and sufficient notice to all Settlement Class Members and other persons entitled to receive notice; and (d) meet all applicable requirements of law, including but not limited to 28 U.S.C. § 1715, Rule 23(c) and (e), and the Due Process Clause(s) of the United States Constitution.

*CULBERTSON T AL. v. DELOITTE CONSULTING LLP*
**Case No. 1:20-cv-03962**

The Honorable Lewis J. Liman, United States District Court, Southern District of New York (August 27, 2021):  The notice procedures described in the Notice Plan are hereby found to be the best means of providing notice under the circumstances and, when completed, shall constitute due and sufficient notice of the proposed Settlement Agreement and the Final Approval Hearing to all persons affected by and/or entitled to participate in the Settlement Agreement, in full compliance with the notice requirements of Rule 23 of the Federal Rules of Civil Procedure and due process of law.

*PULMONARY ASSOCIATES OF CHARLESTON PLLC v. GREENWAY HEALTH, LLC*
**Case No. 3:19-cv-00167**

The Honorable Timothy C. Batten, Sr., United States District Court, Northern District of Georgia (August 24, 2021):  Under Rule 23(c)(2), the Court finds that the content, format, and method of disseminating Notice, as set forth in the Motion, the Declaration of Steven Weisbrot filed on July 2, 2021, and the Settlement Agreement and Release, including notice by First Class U.S. Mail and email to all known Class Members, is the best notice practicable under the circumstances and satisfies all requirements provided in Rule 23(c)(2)(B) and due process.

### IN RE: BROILER CHICKEN GROWER ANTITRUST LITIGATION (NO II)
### Case No. 6:20-md-02977
The Honorable Robert J. Shelby, United States District Court, Eastern District of Oklahoma (August 23, 2021): The Court approves the method of notice to be provided to the Settlement Class as set forth in Plaintiffs' Motion and Memorandum of Law in Support of Motion for Approval of the Form and Manner of Class Notice and Appointment of Settlement Administrator and Request for Expedited Treatment and the Declaration of Steven Weisbrot on Angeion Group Qualifications and Proposed Notice Plan…The Court finds and concludes that such notice: (a) is the best notice that is practicable under the circumstances, and is reasonably calculated to reach the members of the Settlement Class and to apprise them of the Action, the terms and conditions of the Settlement, their right to opt out and be excluded from the Settlement Class, and to object to the Settlement; and (b) meets the requirements of Federal Rule of Civil Procedure 23 and due process.

### ROBERT ET AL. v. AT&T MOBILITY, LLC
### Case No. 3:15-cv-03418
The Honorable Edward M. Chen, United States District Court, Northern District of California (August 20, 2021): The Court finds that such Notice program, including the approved forms of notice: (a) constituted the best notice that is practicable under the circumstances; (b) included direct individual notice to all Settlement Class Members who could be identified through reasonable effort, as well as supplemental notice via a social media notice campaign and reminder email and SMS notices; (c) constituted notice that was reasonably calculated, under the circumstances, to apprise Settlement Class Members of the nature of this Action …(d) constituted due, adequate and sufficient notice to all persons entitled to notice; and (e) met all applicable requirements of Federal Rule of Civil Procedure 23, Due Process under the U.S. Constitution, and any other applicable law.

### PYGIN v. BOMBAS, LLC
### Case No. 4:20-cv-04412
The Honorable Jeffrey S. White, United States District Court, Northern District of California (July 12, 2021): The Court also concludes that the Class Notice and Notice Program set forth in the Settlement Agreement satisfy the requirements of due process and Rule 23 and provide the best notice practicable under the circumstances. The Class Notice and Notice Program are reasonably calculated to apprise Settlement Class Members of the nature of this Litigation, the Scope of the Settlement Class, the terms of the Settlement Agreement, the right of Settlement Class Members to object to the Settlement Agreement or exclude themselves from the Settlement Class and the process for doing so, and of the Final Approval Hearing. Accordingly, the Court approves the Class Notice and Notice Program and the Claim Form.

### WILLIAMS ET AL. v. RECKITT BENCKISER LLC ET AL.
### Case No. 1:20-cv-23564
The Honorable Jonathan Goodman, United States District Court, Southern District of Florida (April 23, 2021): The Court approves, as to form and content, the Class Notice and Internet Notice submitted by the parties (Exhibits B and D to the Settlement Agreement or Notices

substantially similar thereto) and finds that the procedures described therein meet the requirements of Rule 23 of the Federal Rules of Civil Procedure and due process, and provide the best notice practicable under the circumstances. The proposed Class Notice Plan -- consisting of (i) internet and social media notice; and (ii) notice via an established a Settlement Website -- is reasonably calculated to reach no less than 80% of the Settlement Class Members.

### NELSON ET AL. v. IDAHO CENTRAL CREDIT UNION
### Case No. CV03-20-00831, CV03-20-03221
The Honorable Robert C. Naftz, Sixth Judicial District, State of Idaho, Bannock County (January 19, 2021):  The Court finds that the Proposed Notice here is tailored to this Class and designed to ensure broad and effective reach to it...The Parties represent that the operative notice plan is the best notice practicable and is reasonably designed to reach the settlement class members. The Court agrees.

### IN RE: HANNA ANDERSSON AND SALESFORCE.COM DATA BREACH LITIGATION
### Case No. 3:20-cv-00812
The Honorable Edward M. Chen, United States District Court, Northern District of California (December 29, 2020):  The Court finds that the Class Notice and Notice Program satisfy the requirements of due process and Rule 23 of the Federal Rules of Civil Procedure and provide the best notice practicable under the circumstances.

### IN RE: PEANUT FARMERS ANTITRUST LITIGATION
### Case No. 2:19-cv-00463
The Honorable Raymond A. Jackson, United States District Court, Eastern District of Virginia (December 23, 2020):  The Court finds that the Notice Program...constitutes the best notice that is practicable under the circumstances and is valid, due and sufficient notice to all persons entitled thereto and complies fully with the requirements of Rule 23(c)(2) and the due process requirements of the Constitution of the United States.

### BENTLEY ET AL. v. LG ELECTRONICS U.S.A., INC.
### Case No. 2:19-cv-13554
The Honorable Madeline Cox Arleo, United States District Court, District of New Jersey (December 18, 2020):  The Court finds that notice of this Settlement was given to Settlement Class Members in accordance with the Preliminary Approval Order and constituted the best notice practicable of the proceedings and matters set forth therein, including the Litigation, the Settlement, and the Settlement Class Members' rights to object to the Settlement or opt out of the Settlement Class, to all Persons entitled to such notice, and that this notice satisfied the requirements of Federal Rule of Civil Procedure 23 and of due process.

### IN RE: ALLURA FIBER CEMENT SIDING PRODUCTS LIABILITY LITIGATION
### Case No. 2:19-mn-02886
The Honorable David C. Norton, United States District Court, District of South Carolina (December 18, 2020):  The proposed Notice provides the best notice practicable under the

circumstances. It allows Settlement Class Members a full and fair opportunity to consider the proposed settlement. The proposed plan for distributing the Notice likewise is a reasonable method calculated to reach all members of the Settlement Class who would be bound by the settlement. There is no additional method of distribution that would be reasonably likely to notify Settlement Class Members who may not receive notice pursuant to the proposed distribution plan.

### *ADKINS ET AL. v. FACEBOOK, INC.*
**Case No. 3:18-cv-05982**

The Honorable William Alsup, United States District Court, Northern District of California (November 15, 2020):  Notice to the class is "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Central Hanover Bank & Tr. Co., 399 U.S. 306, 314 (1650).*

### *IN RE: 21ST CENTURY ONCOLOGY CUSTOMER DATA SECURITY BREACH LITIGATION*
**Case No. 8:16-md-02737**

The Honorable Mary S. Scriven, United States District Court, Middle District of Florida (November 2, 2020):  The Court finds and determines that mailing the Summary Notice  and publication of the Settlement Agreement, Long Form Notice, Summary Notice, and Claim Form on the Settlement Website, all pursuant to this Order, constitute the best notice practicable under the circumstances, constitute due and sufficient notice of the matters set forth in the notices to all persons entitled to receive such notices, and fully satisfies the of due process, Rule 23 of the Federal Rules of Civil Procedure, 28 U.S.C. § 1715, and all other applicable laws and rules. The Court further finds that all of the notices are written in plain language and are readily understandable by Class Members.

### *MARINO ET AL. v. COACH INC.*
**Case No. 1:16-cv-01122**

The Honorable Valerie Caproni, United States District Court, Southern District of New York (August 24, 2020):  The Court finds that the form, content, and method of giving notice to the Settlement Class as described in paragraph 8 of this Order: (a) will constitute the best practicable notice; (b) are reasonably calculated, under the circumstances, to apprise the Settlement Class Members of the pendency of the Action, the terms of the proposed Settlement, and their rights under the proposed Settlement, including but not limited to their rights to object to or exclude themselves from the proposed Settlement and other rights under the terms of the Settlement Agreement; (c) are reasonable and constitute due, adequate, and sufficient notice to all Settlement Class Members and other persons entitled to receive notice; and (d) meet all applicable requirements of law, including but not limited to 28 U.S.C. § 1715, Rule 23(c) and (e), and the Due Process Clause(s) of the United States Constitution.  The Court further finds that all of the notices are written in plain language, are readily understandable by Settlement Class Members, and are materially consistent with the Federal Judicial Center's illustrative class action notices.

# JUDICIAL RECOGNITION



**BROWN v. DIRECTV, LLC**

**Case No. 2:13-cv-01170**

The Honorable Dolly M. Gee, United States District Court, Central District of California (July 23, 2020): Given the nature and size of the class, the fact that the class has no geographical limitations, and the sheer number of calls at issue, the Court determines that these methods constitute the best and most reasonable form of notice under the circumstances.

**IN RE: SSA BONDS ANTITRUST LITIGATION**

**Case No. 1:16-cv-03711**

The Honorable Edgardo Ramos, United States District Court, Southern District of New York (July 15, 2020): The Court finds that the mailing and distribution of the Notice and the publication of the Summary Notice substantially in the manner set forth below meet the requirements of Rule 23 of the Federal Rules of Civil Procedure and due process and constitute the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all Persons entitled to notice.

**KJESSLER ET AL. v. ZAAPPAAZ, INC. ET AL.**

**Case No. 4:18-cv-00430**

The Honorable Nancy F. Atlas, United States District Court, Southern District of Texas (July 14, 2020): The Court also preliminarily approves the proposed manner of communicating the Notice and Summary Notice to the putative Settlement Class, as set out below, and finds it is the best notice practicable under the circumstances, constitutes due and sufficient notice to all persons and entities entitled to receive such notice, and fully satisfies the requirements of applicable laws, including due process and Federal Rule of Civil Procedure 23.

**HESTER ET AL. v. WALMART, INC.**

**Case No. 5:18-cv-05225**

The Honorable Timothy L. Brooks, United States District Court, Western District of Arkansas (July 9, 2020): The Court finds that the Notice and Notice Plan substantially in the manner and form set forth in this Order and the Agreement meet the requirements of Federal Rule of Civil Procedure 23 and due process, is the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all Persons entitled thereto.

**CLAY ET AL. v. CYTOSPORT INC.**

**Case No. 3:15-cv-00165**

The Honorable M. James Lorenz, United States District Court, Southern District of California (June 17, 2020): The Court approves the proposed Notice Plan for giving notice to the Settlement Class through publication, both print and digital, and through the establishment of a Settlement Website, as more fully described in the Agreement and the Claims Administrator's affidavits (docs. no. 222-9, 224, 224-1, and 232-3 through 232-6). The Notice Plan, in form, method, and content, complies with the requirements of Rule 23 and due process, and constitutes the best notice practicable under the circumstances.

*GROGAN v. AARON'S INC.*

**Case No. 1:18-cv-02821**

The Honorable J.P. Boulee, United States District Court, Northern District of Georgia (May 1, 2020):  The Court finds that the Notice Plan as set forth in the Settlement Agreement meets the requirements of Fed. R. Civ. P. 23 and constitutes the best notice practicable under the circumstances, including direct individual notice by mail and email to Settlement Class Members where feasible and a nationwide publication website-based notice program, as well as establishing a Settlement Website at the web address of www.AaronsTCPASettlement.com, and satisfies fully the requirements the Federal Rules of Civil Procedure, the U.S. Constitution, and any other applicable law, such that the Settlement Agreement and Final Order and Judgment will be binding on all Settlement Class Members.

*CUMMINGS v. BOARD OF REGENTS OF THE UNIVERSITY OF NEW MEXICO, ET AL.*

**Case No. D-202-CV-2001-00579**

The Honorable Carl Butkus, Second Judicial District Court, County of Bernalillo, State of New Mexico (March 30, 2020): The Court has reviewed the Class Notice, the Plan of Allocation and Distribution and Claim Form, each of which it approves in form and substance. The Court finds that the form and methods of notice set forth in the Agreement: (i) are reasonable and the best practicable notice under the circumstances; (ii) are reasonably calculated to apprise Settlement Class Members of the pendency of the Lawsuit, of their rights to object to or opt-out of the Settlement, and of the Final Approval Hearing; (iii) constitute due, adequate, and sufficient notice to all persons entitled to receive notice; and (iv) meet the requirements of the New Mexico Rules of Civil Procedure, the requirements of due process under the New Mexico and United States Constitutions, and the requirements of any other applicable rules or laws.

*SCHNEIDER, ET AL. v. CHIPOTLE MEXICAN GRILL, INC.*

**Case No. 4:16-cv-02200**

The Honorable Haywood S. Gilliam, Jr., United States District Court, Northern District of California (January 31, 2020):  Given that direct notice appears to be infeasible, the third-party settlement administrator will implement a digital media campaign and provide for publication notice in People magazine, a nationwide publication, and the East Bay Times. SA § IV.A, C; Dkt. No. 205-12 at ¶¶ 13–23. The publication notices will run for four consecutive weeks. Dkt. No. 205 at ¶ 23. The digital media campaign includes an internet banner notice implemented using a 60-day desktop and mobile campaign. Dkt. No. 205-12 at ¶ 18. It will rely on "Programmatic Display Advertising" to reach the "Target Audience," Dkt. No. 216-1 at ¶ 6, which is estimated to include 30,100,000 people and identified using the target definition of "Fast Food & Drive-In Restaurants Total Restaurants Last 6 Months [Chipotle Mexican Grill]," Dkt. No. 205-12 at ¶ 13. Programmatic display advertising utilizes "search targeting," "category contextual targeting," "keyword contextual targeting," and "site targeting," to place ads. Dkt. No. 216-1 at ¶¶ 9–12. And through "learning" technology, it continues placing ads on websites where the ad is performing well. Id. ¶ 7. Put simply, prospective Class Members will see a banner ad notifying them of the settlement when they search for terms or websites that are similar to or related to Chipotle, when they browse websites that are categorically relevant to Chipotle (for example, a website related to fast casual dining or Mexican food), and when they browse websites that include a relevant keyword (for example, a fitness

website with ads comparing fast casual choices). Id. ¶¶ 9–12. By using this technology, the banner notice is "designed to result in serving approximately 59,598,000 impressions." Dkt. No. 205-12 at ¶ 18.

The Court finds that the proposed notice process is "'reasonably calculated, under all the circumstances,' to apprise all class members of the proposed settlement." Roes, 944 F.3d at 1045 (citation omitted).

### *HANLEY v. TAMPA BAY SPORTS AND ENTERTAINMENT LLC*
## Case No. 8:19-cv-00550

The Honorable Charlene Edwards Honeywell, United States District Court, Middle District of Florida (January 7, 2020):  The Court approves the form and content of the Class notices and claim forms substantially in the forms attached as Exhibits A-D to the Settlement. The Court further finds that the Class Notice program described in the Settlement is the best practicable under the circumstances. The Class Notice program is reasonably calculated under the circumstances to inform the Settlement Class of the pendency of the Action, certification of a Settlement Class, the terms of the Settlement, Class Counsel's attorney's fees application and the request for a service award for Plaintiff, and their rights to opt-out of the Settlement Class or object to the Settlement. The Class notices and Class Notice program constitute sufficient notice to all persons entitled to notice. The Class notices and Class Notice program satisfy all applicable requirements of law, including, but not limited to, Federal Rule of Civil Procedure 23 and the Constitutional requirement of Due Process.

### *CORCORAN, ET AL. v. CVS HEALTH, ET AL.*
## Case No. 4:15-cv-03504

The Honorable Yvonne Gonzalez Rogers, United States District Court, Northern District of California (November 22, 2019):  Having reviewed the parties' briefings, plaintiffs' declarations regarding the selection process for a notice provider in this matter and regarding Angeion Group LLC's experience and qualifications, and in light of defendants' non-opposition, the Court APPROVES Angeion Group LLC as the notice provider. Thus, the Court GRANTS the motion for approval of class notice provider and class notice program on this basis.

Having considered the parties' revised proposed notice program, the Court agrees that the parties' proposed notice program is the "best notice that is practicable under the circumstances." The Court is satisfied with the representations made regarding Angeion Group LLC's methods for ascertaining email addresses from existing information in the possession of defendants. Rule 23 further contemplates and permits electronic notice to class members in certain situations. See Fed. R. Civ. P. 23(c)(2)(B). The Court finds, in light of the representations made by the parties, that this is a situation that permits electronic notification via email, in addition to notice via United States Postal Service. Thus, the Court APPROVES the parties' revised proposed class notice program, and GRANTS the motion for approval of class notice provider and class notice program as to notification via email and United States Postal Service mail.

*PATORA v. TARTE, INC.*
## Case No. 7:18-cv-11760

The Honorable Kenneth M. Karas, United States District Court, Southern District of New York (October 2, 2019):  The Court finds that the form, content, and method of giving notice to the Class as described in Paragraph 9 of this Order: (a) will constitute the best practicable notice; (b) are reasonably calculated, under the circumstances, to apprise the Settlement Class Members of the pendency of the Action, the terms of the Proposed Settlement, and their rights under the Proposed Settlement, including but not limited to their rights to object to or exclude themselves from the Proposed Settlement and other rights under the terms of the Settlement Agreement; (c) are reasonable and constitute due, adequate, and sufficient notice to all Settlement Class Members and other persons entitled to receive notice; and (d) meet all applicable requirements of law, including but not limited to 28 U.S.C. § 1715, Rule 23(c) and (e), and the Due Process Clauses of the United States Constitution. The Court further finds that all of the notices are written in simple terminology, are readily understandable by Settlement Class Members, and are materially consistent with the Federal Judicial Center's illustrative class action notices.

*CARTER, ET AL. v. GENERAL NUTRITION CENTERS, INC., and GNC HOLDINGS, INC.*
## Case No. 2:16-cv-00633

The Honorable Mark R. Hornak, United States District Court, Western District of Pennsylvania (September 9, 2019):  The Court finds that the Class Notice and the manner of its dissemination described in Paragraph 7 above and Section VII of the Agreement constitutes the best practicable notice under the circumstances and is reasonably calculated, under all the circumstances, to apprise proposed Settlement Class Members of the pendency of this action, the terms of the Agreement, and their right to object to or exclude themselves from the proposed Settlement Class. The Court finds that the notice is reasonable, that it constitutes due, adequate and sufficient notice to all persons entitled to receive notice, and that it meets the requirements of due process, Rule 23 of the Federal Rules of Ci vii Procedure, and any other applicable laws.

*CORZINE v. MAYTAG CORPORATION, ET AL.*
## Case No. 5:15-cv-05764

The Honorable Beth L. Freeman, United States District Court, Northern District of California (August 21, 2019):  The Court, having reviewed the proposed Summary Notice, the proposed FAQ, the proposed Publication Notice, the proposed Claim Form, and the proposed plan for distributing and disseminating each of them, finds and concludes that the proposed plan will provide the best notice practicable under the circumstances and satisfies all requirements of federal and state laws and due process.

*MEDNICK v. PRECOR, INC.*
## Case No. 1:14-cv-03624

The Honorable Harry D. Leinenweber, United States District Court, Northern District of Illinois (June 12, 2019):  Notice provided to Class Members pursuant to the Preliminary Class Settlement Approval Order constitutes the best notice practicable under the circumstances, including individual email and mail notice to all Class Members who could be identified

through reasonable effort, including information provided by authorized third-party retailers of Precor. Said notice provided full and adequate notice of these proceedings and of the matter set forth therein, including the proposed Settlement set forth in the Agreement, to all persons entitled to such notice, and said notice fully satisfied the requirements of F.R.C.P. Rule 23 (e) and (h) and the requirements of due process under the United States and California Constitutions.

### GONZALEZ v. TCR SPORTS BROADCASTING HOLDING LLP, ET AL.
**Case No. 1:18-cv-20048**

The Honorable Darrin P. Gayles, United States District Court, Southern District of Florida (May 24, 2019):  The Court finds that notice to the class was reasonable and the best notice practicable under the circumstances, consistent with Rule 23(e)(1) and Rule 23(c)(2)(B).

### ANDREWS ET AL. v. THE GAP, INC., ET AL.
**Case No. CGC-18-567237**

The Honorable Richard B. Ulmer Jr., Superior Court of the State of California, County of San Francisco (May 10, 2019):  The Court finds that (a) the Full Notice, Email Notice, and Publication constitute the best notice practicable under the circumstances, (b) they constitute valid, due, and sufficient notice to all members of the Class, and (c) they comply fully with the requirements of California Code of Civil Procedure section 382, California Rules of Court 3.766 and 3.769, the California and United States Constitutions, and other applicable law.

### COLE, ET AL. v. NIBCO, INC.
**Case No. 3:13-cv-07871**

The Honorable Freda L. Wolfson, United States District Court, District of New Jersey (April 11, 2019):  The record shows, and the Court finds, that the Notice Plan has been implemented in the manner approved by the Court in its Preliminary Approval Order. The Court finds that the Notice Plan constitutes: (i) the best notice practicable to the Settlement Class under the circumstances; (ii) was reasonably calculated, under the circumstances, to apprise the Settlement Class of the pendency of this..., (iii) due, adequate, and sufficient notice to all Persons entitled to receive notice; and (iv) notice that fully satisfies the requirements of the United States Constitution (including the Due Process Clause), Fed. R. Civ. P. 23, and any other applicable law.

### DIFRANCESCO, ET AL. v. UTZ QUALITY FOODS, INC.
**Case No. 1:14-cv-14744**

The Honorable Douglas P. Woodlock, United States District Court, District of Massachusetts (March 15, 2019):  The Court finds that the Notice plan and all forms of Notice to the Class as set forth in the Settlement Agreement and Exhibits 2 and 6 thereto, as amended (the "Notice Program"), is reasonably calculated to, under all circumstances, apprise the members of the Settlement Class of the pendency of this action, the certification of the Settlement Class, the terms of the Settlement Agreement, and the right of members to object to the settlement or to exclude themselves from the Class. The Notice Program is consistent with the

requirements of Rule 23 and due process, and constitutes the best notice practicable under the circumstances.

### IN RE: CHRYSLER-DODGE-JEEP ECODIESEL MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION
### Case No. 3:17-md-02777

The Honorable Edward M. Chen, United States District Court, Northern District of California (February 11, 2019):  Also, the parties went through a sufficiently rigorous selection process to select a settlement administrator. See Proc. Guidance for Class Action Sett. ¶ 2; see also Cabraser Decl. ¶¶ 9-10. While the settlement administration costs are significant – an estimated $1.5 million – they are adequately justified given the size of the class and the relief being provided.

In addition, the Court finds that the language of the class notices (short and long-form) is appropriate and that the means of notice – which includes mail notice, electronic notice, publication notice, and social media "marketing" – is the "best notice…practicable under the circumstances." Fed. R. Civ. P. 23(c)(2)(B); see also Proc. Guidance for Class Action Sett. ¶¶ 3-5, 9 (addressing class notice, opt-outs, and objections). The Court notes that the means of notice has changed somewhat, as explained in the Supplemental Weisbrot Declaration filed on February 8, 2019, so that notice will be more targeted and effective. See generally Docket No. 525 (Supp. Weisbrot Decl.) (addressing, inter alia, press release to be distributed via national newswire service, digital and social media marketing designed to enhance notice, and "reminder" first-class mail notice when AEM becomes available).

Finally, the parties have noted that the proposed settlement bears similarity to the settlement in the Volkswagen MDL. See Proc. Guidance for Class Action Sett. ¶ 11.

### RYSEWYK, ET AL. v. SEARS HOLDINGS CORPORATION and SEARS, ROEBUCK AND COMPANY
### Case No. 1:15-cv-04519

The Honorable Manish S. Shah, United States District Court, Northern District of Illinois (January 29, 2019):  The Court holds that the Notice and notice plan as carried out satisfy the requirements of Rule 23(e) and due process. This Court has previously held the Notice and notice plan to be reasonable and the best practicable under the circumstances in its Preliminary Approval Order dated August 6, 2018. (Dkt. 191) Based on the declaration of Steven Weisbrot, Esq. of Angeion Group (Dkt. No. 209-2), which sets forth compliance with the Notice Plan and related matters, the Court finds that the multi-pronged notice strategy as implemented has successfully reached the putative Settlement Class, thus constituting the best practicable notice and satisfying due process.

### MAYHEW, ET AL. v. KAS DIRECT, LLC, and S.C. JOHNSON & SON, INC.
### Case No. 7:16-cv-06981

The Honorable Vincent J. Briccetti, United States District Court, Southern District of New York (June 26, 2018):  In connection with their motion, plaintiffs provide the declaration of Steven Weisbrot, Esq., a principal at the firm Angeion Group, LLC, which will serve as the notice and settlement administrator in this case. (Doc. #101, Ex. F: Weisbrot Decl.) According to Mr.

Weisbrot, he has been responsible for the design and implementation of hundreds of class action administration plans, has taught courses on class action claims administration, and has given testimony to the Judicial Conference Committee on Rules of Practice and Procedure on the role of direct mail, email, and digital media in due process notice. Mr. Weisbrot states that the internet banner advertisement campaign will be responsive to search terms relevant to "baby wipes, baby products, baby care products, detergents, sanitizers, baby lotion, [and] diapers," and will target users who are currently browsing or recently browsed categories "such as parenting, toddlers, baby care, [and] organic products." (Weisbrot Decl. ¶ 18). According to Mr. Weisbrot, the internet banner advertising campaign will reach seventy percent of the proposed class members at least three times each. (Id. ¶ 9). Accordingly, the Court approves of the manner of notice proposed by the parties as it is reasonable and the best practicable option for confirming the class members receive notice.

### *IN RE: OUTER BANKS POWER OUTAGE LITIGATION*
### Case No. 4:17-cv-00141

The Honorable James C. Dever III, United States District Court, Eastern District of North Carolina (May 2, 2018):  The court has reviewed the proposed notice plan and finds that the notice plan provides the best practicable notice under the circumstances and, when completed, shall constitute fair, reasonable, and adequate notice of the settlement to all persons and entities affected by or entitled to participate in the settlement, in full compliance with the notice requirements of Fed. R. Civ. P. 23(c)(2)(B) and due process. Thus, the court approves the proposed notice plan.

### *GOLDEMBERG, ET AL. v. JOHNSON & JOHNSON CONSUMER COMPANIES, INC.*
### Case No. 7:13-cv-03073

The Honorable Nelson S. Roman, United States District Court, Southern District of New York (November 1, 2017):  Notice of the pendency of the Action as a class action and of the proposed Settlement, as set forth in the Settlement Notices, was given to all Class Members who could be identified with reasonable effort, consistent with the terms of the Preliminary Approval Order. The form and method of notifying the Class of the pendency of the Action as a class action and of the terms and conditions of the proposed Settlement met the requirements of Rule 23 of the Federal Rules of Civil Procedure, due process, and any other applicable law in the United States. Such notice constituted the best notice practicable under the circumstances, and constituted due and sufficient notice to all persons and entities entitled thereto.

### *HALVORSON v. TALENTBIN, INC.*
### Case No. 3:15-cv-05166

The Honorable Joseph C. Spero, United States District Court, Northern District of California (July 25, 2017):  The Court finds that the Notice provided for in the Order of Preliminary Approval of Settlement has been provided to the Settlement Class, and the Notice provided to the Settlement    Class constituted the best notice practicable under the circumstances, and was in full compliance with the notice requirements of Rule 23 of the Federal Rules of Civil Procedure, due process, the United States Constitution, and any other applicable law. The Notice apprised the members of the Settlement Class of the pendency of the litigation;

of all material elements of the proposed settlement, including but not limited to the relief afforded the Settlement Class under the Settlement Agreement; of the res judicata effect on members of the Settlement Class and of their opportunity to object to, comment on, or opt-out of, the Settlement; of the identity of Settlement Class Counsel and of information necessary to contact Settlement Class Counsel; and of the right to appear at the Fairness Hearing. Full opportunity has been afforded to members of the Settlement Class to participate in the Fairness Hearing. Accordingly, the Court determines that all Final Settlement Class Members are bound by this Final Judgment in accordance with the terms provided herein.

### IN RE: ASHLEY MADISON CUSTOMER DATA SECURITY BREACH LITIGATION
### MDL No. 2669/Case No. 4:15-md-02669

The Honorable John A. Ross, United States District Court, Eastern District of Missouri (July 21, 2017):  The Court further finds that the method of disseminating Notice, as set forth in the Motion, the Declaration of Steven Weisbrot, Esq. on Adequacy of Notice Program, dated July 13, 2017, and the Parties' Stipulation—including an extensive and targeted publication campaign composed of both consumer magazine publications in People and Sports Illustrated, as well as serving 11,484,000 highly targeted digital banner ads to reach the prospective class members that will deliver approximately 75.3% reach with an average frequency of 3.04 —is the best method of notice practicable under the circumstances and satisfies all requirements provided in Rule 23(c)(2)(B) and all Constitutional requirements including those of due process.


The Court further finds that the Notice fully satisfies Rule 23 of the Federal Rules of Civil Procedure and the requirements of due process; provided, that the Parties, by agreement, may revise the Notice, the Claim Form, and other exhibits to the Stipulation, in ways that are not material or ways that are appropriate to update those documents for purposes of accuracy.


### TRAXLER, ET AL. v. PPG INDUSTRIES INC., ET AL.
### Case No. 1:15-cv-00912

The Honorable Dan Aaron Polster, United States District Court, Northern District of Ohio (April 27, 2017):  The Court hereby approves the form and procedure for disseminating notice of the proposed settlement to the Settlement Class as set forth in the Agreement. The Court finds that the proposed Notice Plan contemplated constitutes the best notice practicable under the circumstances and is reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the Action and their right to object to the proposed settlement or opt out of the Settlement Class in full compliance with the requirements of applicable law, including the Due Process Clause of the United States Constitution and Rules 23(c) and (e). In addition, Class Notice clearly and concisely states in plain, easily understood language: (i) the nature of the action; (ii) the definition of the certified Settlement Class; (iii) the claims and issues of the Settlement Class; (iv) that a Settlement Class Member may enter an appearance through an attorney if the member so desires; (v) that the Court will exclude from the Settlement Class any member who requests exclusion; (vi) the time and manner for requesting exclusion; and (vii) the binding effect of a class judgment on members under Rule 23(c)(3).

*IN RE: THE HOME DEPOT, INC., CUSTOMER DATA SECURITY BREACH LITIGATION*
## Case No. 1:14-md-02583

The Honorable Thomas W. Thrash Jr., United States District Court, Northern District of Georgia (March 10, 2017):  The Court finds that the form, content, and method of giving notice to the settlement class as described in the settlement agreement and exhibits: (a) constitute the best practicable notice to the settlement class; (b) are reasonably calculated, under the circumstances, to apprise settlement class members of the pendency of the action, the terms of the proposed settlement, and their rights under the proposed settlement; (c) are reasonable and constitute due, adequate, and sufficient notice to those persons entitled to receive notice; and (d) satisfy the requirements of Federal Rule of Civil Procedure 23, the constitutional requirement of due process, and any other legal requirements. The Court further finds that the notice is written in plain language, uses simple terminology, and is designed to be readily understandable by settlement class members.

*ROY v. TITEFLEX CORPORATION t/a GASTITE and WARD MANUFACTURING, LLC*
## Case No. 384003V

The Honorable Ronald B. Rubin, Circuit Court for Montgomery County, Maryland (February 24, 2017):  What is impressive to me about this settlement is in addition to all the usual recitation of road racing litanies is that there is going to be a) public notice of a real nature and b) about a matter concerning not just money but public safety and then folks will have the knowledge to decide for themselves whether to take steps to protect themselves or not. And that's probably the best thing a government can do is to arm their citizens with knowledge and then the citizens can make decision. To me that is a key piece of this deal. *I think the notice provisions are exquisite* [emphasis added].

*IN RE: LG FRONT LOADING WASHING MACHINE CLASS ACTION LITIGATION*
## Case No. 2:08-cv-00051

The Honorable Madeline Cox Arleo, United States District Court, District of New Jersey (June 17, 2016):  This Court further approves the proposed methods for giving notice of the Settlement to the Members of the Settlement Class, as reflected in the Settlement Agreement and the joint motion for preliminary approval. The Court has reviewed the notices attached as exhibits to the Settlement, the plan for distributing the Summary Notices to the Settlement Class, and the plan for the Publication Notice's publication in print periodicals and on the internet, and finds that the Members of the Settlement Class will receive the best notice practicable under the circumstances. The Court specifically approves the Parties' proposal to use reasonable diligence to identify potential class members and an associated mailing and/or email address in the Company's records, and their proposal to direct the ICA to use this information to send absent class members notice both via first class mail and email. The Court further approves the plan for the Publication Notice's publication in two national print magazines and on the internet. The Court also approves payment of notice costs as provided in the Settlement. The Court finds that these procedures, carried out with reasonable diligence, will constitute the best notice practicable under the circumstances and will satisfy.

*FENLEY v. APPLIED CONSULTANTS, INC.*

## Case No. 2:15-cv-00259

The Honorable Mark R. Hornak, United States District Court, Western District of Pennsylvania (June 16, 2016): The Court would note that it approved notice provisions of the settlement agreement in the proceedings today. That was all handled by the settlement and administrator Angeion. The notices were sent. The class list utilized the Postal Service's national change of address database along with using certain proprietary and other public resources to verify addresses. the requirements of Fed.R.Civ.P. 23(c)(2), Fed.R.Civ.P. 23(e) (l), and Due Process....

The Court finds and concludes that the mechanisms and methods of notice to the class as identified were reasonably calculated to provide all notice required by the due process clause, the applicable rules and statutory provisions, and that the results of *the efforts of Angeion were highly successful and fulfilled all of those requirements* [emphasis added].

*FUENTES, ET AL. v. UNIRUSH, LLC d/b/a UNIRUSH FINANCIAL SERVICES, ET AL.*

## Case No. 1:15-cv-08372

The Honorable J. Paul Oetken, United States District Court, Southern District of New York (May 16, 2016): The Court approves, as to form, content, and distribution, the Claim Form attached to the Settlement Agreement as Exhibit A, the Notice Plan, and all forms of Notice to the Settlement Class as set forth in the Settlement Agreement and Exhibits B-D, thereto, and finds that such Notice is the best notice practicable under the circumstances, and that the Notice complies fully with the requirements of the Federal Rules of Civil Procedure. The Court also finds that the Notice constitutes valid, due and sufficient notice to all persons entitled thereto, and meets the requirements of Due Process. The Court further finds that the Notice is reasonably calculated to, under all circumstances, reasonably apprise members of the Settlement Class of the pendency of the Actions, the terms of the Settlement Agreement, and the right to object to the settlement and to exclude themselves from the Settlement Class. The Parties, by agreement, may revise the Notices and Claim Form in ways that are not material, or in ways that are appropriate to update those documents for purposes of accuracy or formatting for publication.

*IN RE: WHIRLPOOL CORP. FRONTLOADING WASHER PRODUCTS LIABILITY LITIGATION*

## MDL No. 2001/Case No. 1:08-wp-65000

The Honorable Christopher A. Boyko, United States District Court, Northern District of Ohio (May 12, 2016): The Court, having reviewed the proposed Summary Notices, the proposed FAQ, the proposed Publication Notice, the proposed Claim Form, and the proposed plan for distributing and disseminating each of them, finds and concludes that the proposed plan for distributing and disseminating each of them will provide the best notice practicable under the circumstances and satisfies all requirements of federal and state laws and due process.

*SATERIALE, ET AL. v. R.J. REYNOLDS TOBACCO CO.*

## Case No. 2:09-cv-08394

The Honorable Christina A. Snyder, United States District Court, Central District of California (May 3, 2016): The Court finds that the Notice provided to the Settlement Class pursuant to

the Settlement Agreement and the Preliminary Approval Order has been successful, was the best notice practicable under the circumstances and (1) constituted notice that was reasonably calculated, under the circumstances, to apprise members of the Settlement Class of the pendency of the Action, their right to object to the Settlement, and their right to appear at the Final Approval Hearing; (2) was reasonable and constituted due, adequate, and sufficient notice to all persons entitled to receive notice; and (3) met all applicable requirements of the Federal Rules of Civil Procedure, Due Process, and the rules of the Court.

### FERRERA, ET AL. v. SNYDER'S-LANCE, INC.
### Case No. 0:13-cv-62496

The Honorable Joan A. Lenard, United States District Court, Southern District of Florida (February 12, 2016):  The Court approves, as to form and content, the Long-Form Notice and Short- Form Publication Notice attached to the Memorandum in Support of Motion for Preliminary Approval of Class Action Settlement as Exhibits 1 and 2 to the Stipulation of Settlement. The Court also approves the procedure for disseminating notice of the proposed settlement to the Settlement Class and the Claim Form, as set forth in the Notice and Media Plan attached to the Memorandum in Support of Motion for Preliminary Approval of Class Action Settlement as Exhibits G. The Court finds that the notice to be given constitutes the best notice practicable under the circumstances, and constitutes valid, due, and sufficient notice to the Settlement Class in full compliance with the requirements of applicable law, including the Due Process Clause of the United States Constitution.

### IN RE: POOL PRODUCTS DISTRIBUTION MARKET ANTITRUST LITIGATION
### MDL No. 2328/Case No. 2:12-md-02328

The Honorable Sarah S. Vance, United States District Court, Eastern District of Louisiana (December 31, 2014):  To make up for the lack of individual notice to the remainder of the class, the parties propose a print and web-based plan for publicizing notice. The Court welcomes the inclusion of web- based forms of communication in the plan. The Court finds that the proposed method of notice satisfies the requirements of Rule 23(c)(2)(B) and due process. The direct emailing of notice to those potential class members for whom Hayward and Zodiac have a valid email address, along with publication of notice in print and on the web, is reasonably calculated to apprise class members of the settlement. Moreover, the plan to combine notice for the Zodiac and Hayward settlements should streamline the process and avoid confusion that might otherwise be caused by a proliferation of notices for different settlements. Therefore, the Court approves the proposed notice forms and the plan of notice.

### SOTO, ET AL. v. THE GALLUP ORGANIZATION, INC.
### Case No. 0:13-cv-61747

The Honorable Marcia G. Cooke, United States District Court, Southern District of Florida (June 16, 2015):  The Court approves the form and substance of the notice of class action settlement described in ¶ 8 of the Agreement and attached to the Agreement as Exhibits A, C and D. The proposed form and method for notifying the Settlement Class Members of the settlement and its terms and conditions meet the requirements of Fed. R. Civ. P. 23(c)(2)(B) and due process, constitute the best notice practicable under the circumstances, and shall

constitute due and sufficient notice to all persons and entities entitled to the notice. The Court finds that the proposed notice is clearly designed to advise the Settlement Class Members of their rights.

*OTT v. MORTGAGE INVESTORS CORPORATION OF OHIO, INC.*
**Case No. 3:14-cv-00645**
The Honorable Janice M. Stewart, United States District Court, District of Oregon (July 20, 2015): The Notice Plan, in form, method, and content, fully complies with the requirements of Rule 23 and due process, constitutes the best notice practicable under the circumstances, and is due and sufficient notice to all persons entitled thereto. The Court finds that the Notice Plan is reasonably calculated to, under all circumstances, reasonably apprise the persons in the Settlement Class of the pendency of this action, the terms of the Settlement Agreement, and the right to object to the Settlement and to exclude themselves from the Settlement Class.

# EXHIBIT "B-1"

# NOTICE OF PROPOSED CLASS ACTION SETTLEMENT

## United States District Court
## District of Connecticut

*Goldstein v. Henkel Corporation and Thriving Brands LLC*
Case No. 3:22-cv-00164

> **If you are a person in the United States who purchased certain Right Guard antiperspirant aerosol and spray products between November 19, 2018 and [date of preliminary approval], you could get benefits from a class action settlement.**

*A federal court authorized this Notice. You are not being sued.*
*This is not a solicitation from a lawyer.*

- A Settlement has been reached with the Henkel Corporation and Thriving Brands LLC ("Defendants") in a class action lawsuit about whether aerosol and spray antiperspirant products sold under the Right Guard brand contain or are at risk of containing benzene.

- The lawsuit is captioned *Goldstein v. Henkel Corporation and Thriving Brands LLC*, Case No. 3:22-cv-00164, pending in the United States District Court, District of Connecticut. The Defendants deny that it violated any law but have agreed to the Settlement to avoid the costs and risks associated with continuing this case.

- You are included in this Settlement as a Settlement Class Member if, in the United States, you purchased one or more of the Covered Products between November 19, 2018 and [date of preliminary ] for personal, family or household use, and not for resale.

- Your rights are affected whether you act or don't act. Please read this Notice carefully.

| SUMMARY OF YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | | DEADLINE |
|---|---|---|
| **SUBMIT A CLAIM** | The only way to receive a cash payment from this Settlement is by submitting a valid and timely Claim Form.<br><br>You can submit your Claim Form online at _____ or download the Claim Form from the Settlement Website and mail it to the Claim Administrator. You may also call or email the Claim Administrator to receive a paper copy of the Claim Form. | **_____, 2023** |
| **OPT OUT OF THE SETTLEMENT** | You can choose to opt out of the Settlement and receive no payment. This option allows you to sue, continue to sue, or be part of another lawsuit against the Defendants related to the legal claims resolved by this Settlement. You can elect your own legal counsel at your own expense. | **_____, 2023** |
| **OBJECT TO THE SETTLEMENT AND/OR ATTEND A HEARING** | If you do not opt out of the Settlement, you may object to it by writing to the Court about why you don't like the Settlement. You may also ask the Court for permission to speak about your objection at the Final Approval Hearing. If you object, you may also file a claim for a payment. | **_____, 2023** |
| **DO NOTHING** | Unless you opt out of the settlement, you are automatically part of the Settlement. If you do nothing, you will not get a payment from this Settlement and you will give up the right to sue, continue to sue, or be part of another lawsuit against the Defendants related to the legal claims resolved by this Settlement. | No Deadline |

- These rights and options—**and the deadlines to exercise them**—are explained in this Notice.

- The Court in charge of this case still has to decide whether to approve the Settlement.

## WHAT THIS NOTICE CONTAINS

BASIC INFORMATION ............................................................................................................... 3

WHO IS IN THE SETTLEMENT ............................................................................................... 4

THE SETTLEMENT BENEFITS ............................................................................................... 4

HOW TO GET A PAYMENT—MAKING A CLAIM ............................................................... 5

THE LAWYERS REPRESENTING YOU ................................................................................. 6

OPTING OUT OF THE SETTLEMENT .................................................................................... 7

COMMENTING ON OR OBJECTING TO THE SETTLEMENT ............................................ 7

THE COURT'S FINAL APPROVAL HEARING ...................................................................... 8

IF I DO NOTHING .................................................................................................................... 9

GETTING MORE INFORMATION .......................................................................................... 9

# BASIC INFORMATION

## 1. Why was this Notice issued?

A federal court authorized this Notice because you have a right to know about the proposed Settlement of this class action lawsuit and about all of your options before the Court decides whether to grant final approval of the Settlement. This Notice explains the lawsuit, your legal rights, what benefits are available, and who can receive them.

The Honorable Alvin W. Thompson of the United States District Court for the District of Connecticut is overseeing this class action. The lawsuit is captioned *Goldstein v. Henkel Corporation and Thriving Brands LLC*, Case No. 3:22-cv-00164 (D. Conn.). The people that filed this lawsuit are called the "Plaintiffs" and the companies they sued, Henkel Corporation and Thriving Bands LLC, are called the "Defendants."

## 2. What is this lawsuit about?

This lawsuit alleges that aerosol and spray antiperspirant products sold under the Right Guard brand contain or are at risk of containing benzene. The Defendants deny all allegations of wrongdoing and disclaim any liability with respect to any and all claims alleged.

## 3. What is a class action?

In a class action, one or more individuals sue on behalf of other people with similar claims. These individuals are known as "Class Representatives" or "Plaintiffs." Together, the people included in the class action are called a "class" or "class members." One court resolves the lawsuit for all class

members, except for those who opt out from a settlement. In this Settlement, the Class Representatives are Jason Goldstein, Brad Davis, Maria Lazo, Mosanthony Wilson, and James Corsey.

## 4. Why is there a Settlement?

The Court did not decide in favor of the Plaintiffs or the Defendants. The Defendants deny all claims and contend that they have not violated any laws. Plaintiffs and Defendants agreed to a Settlement to avoid the costs and risks of a trial, and to allow the Settlement Class Members to receive payments from the Settlement. The Plaintiffs and their attorneys think the Settlement is best for all Settlement Class Members.

## WHO IS IN THE SETTLEMENT?

## 5. Who is included in the Settlement?

You are included in this Settlement as a Settlement Class Member if, in the United States, you purchased one or more of the Covered Products between November 19, 2018 and date of preliminary approval for personal, family or household use, and not for resale. The Covered Products include the Right Guard Sport and Right Guard Xtreme antiperspirant aerosol and spray products.

## 6. Are there exceptions to being included?

Yes. The Settlement Class does not include: (1) the Honorable Judge Alvin W. Thompson and members of his immediate family; (2) Defendants; (3) any entity in which a Defendant has a controlling interest; (4) any of Defendants' subsidiaries, parents, affiliates, and officers, directors, employees, legal representatives, heirs, successors, or assigns; and (5) any persons who timely exclude themselves from the Settlement Class.

If you are not sure whether you are included in the Settlement Class, you can ask for free help by emailing or writing to Claim Administrator at:

[email address]
*Right Guard Antiperspirant Settlement*, c/o Claim Administrator, 1650 Arch Street, Suite 2210, Philadelphia, PA 19103.

You may also view the Settlement Agreement at [Website URL].

## THE SETTLEMENT BENEFITS

## 7. What does the Settlement provide?

If the Settlement is approved by the Court, Defendants will pay one million, nine hundred fifty thousand dollars ($1,950,000) into a Settlement Fund. After payment of Attorneys' Fees and Costs, Incentive Awards for the Plaintiffs, and Notice and Administration Costs, the Available Settlement Funds will be used to pay Settlement Class Members who submit a Valid Claim.

## 8. How much will my payment be?

Settlement Class Members shall be paid the monetary relief from the Available Settlement Funds as set forth below:

- Settlement Class Members who submit a Valid Claim with Proof of Purchase shall receive $3.00 for each Covered Product listed on the Proof of Purchase, inclusive of all taxes.

- Settlement Class Members who submit a Valid Claim without Proof of Purchase shall receive $1.75 for up to five (5) Covered Products claimed per household.

Each Settlement Class Member's payment shall be increased or decreased on a *pro rata* basis such that the total amount paid to all Settlement Class Members equals the Available Settlement Funds.

## 9. What claims am I releasing if I stay in the Settlement Class?

Unless you opt out of the Settlement, you cannot sue, continue to sue, or be part of any other lawsuit against the Defendants about any of the legal claims this Settlement resolves. The "Releases" section in the Settlement Agreement describes the legal claims that you give up if you remain in the Settlement Class. The Settlement Agreement can be found at [Website URL].

## HOW TO GET A PAYMENT – MAKING A CLAIM

## 10. How do I submit a claim and get a cash payment?

You may file a claim if you are a person in the United States, you purchased one or more of the Covered Products between November 19, 2018 and [date of preliminary approval] for personal, family or household use, and not for resale.

Claim Forms may be submitted online at [Website URL] or printed from the website and mailed to the Claim Administrator at: *Right Guard Antiperspirant Settlement*, c/o Claim Administrator, 1650 Arch Street, Suite 2210, Philadelphia, PA 19103.

You may also contact the Claim Administrator to request a Claim Form by telephone 1-XXX-XXX-XXXX, by email [Email Address], or by U.S. mail at *Right Guard Antiperspirant Settlement*, c/o Claim Administrator, 1650 Arch Street, Suite 2210, Philadelphia, PA 19103.

## 11. What is the deadline for submitting a claim?

If you submit a claim by U.S. mail, the completed and signed Claim Form must be postmarked by **[Deadline Date]**. If submitting a Claim Form online, you must do so by **[Deadline Date]**.

## 12. When will I get my payment?

The Court has scheduled a Final Approval Hearing for the Settlement of this case on _____ at _____ a.m./p.m. ET to consider: (1) whether to approve the Settlement; (2) any objections; (3) the requests for Incentive Awards for the Class Representatives; and (4) the request for an award of Attorneys' Fees and Costs for Plaintiffs' Counsel for their work in this litigation. If the Court approves the Settlement, there may be appeals. It is always uncertain whether appeals will be filed and, if so, how long it will take to resolve them. Settlement payments will be distributed as soon as possible if the Court grants Final Approval of the Settlement and after any appeals are resolved.

The briefs and declarations in support of the Final Approval of the Settlement and the requests described above will be posted on the Settlement Website, **[Website URL]**, after they are filed. You may ask to appear at the hearing but you do not have to appear. The date and time of the Final Approval Hearing is also subject to modification by the Court. Please review the Settlement Website for any updated information regarding the final hearing.

## THE LAWYERS REPRESENTING YOU

## 13. Do I have a lawyer in the case?

Yes. The Court has appointed the law firms of Levin Sedran & Berman LLP, Bursor & Fisher, P.A., Milberg Coleman Bryson Phillips Grossman, PLLC, The Sultzer Law Group, and Levi & Korsinsky LLP. Reardon Scanlon LLP shall serve as local counsel for Plaintiffs' Counsel.

## 14. Should I get my own lawyer?

You do not need to hire your own lawyer because Plaintiffs' Counsel works for you. If you want to be represented by your own lawyer, you may hire one at your own expense.

## 15. How will the lawyers be paid?

Plaintiffs' Counsel will ask the Court for an award of Attorneys' Fees and Costs in a total amount not to exceed one-third ($650,000) of the Settlement Fund. They will also ask the Court to approve

Incentive Awards for the Class Representatives of up to $1,000 each. The Court may award less than these amounts. If approved, these fees, costs and awards will be paid from the Settlement Fund.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

### 16. How do I opt out of the Settlement?

If you do not want to receive any benefits from the Settlement, and you want to keep your right, if any, to separately sue the Defendants about the legal issues in this case, you must take steps to exclude yourself from the Settlement Class. This is called "opting out" of the Settlement Class. The deadline for requesting exclusion from the Settlement is **[Deadline Date]**.

To exclude yourself from the Settlement, you must submit a written request for exclusion that includes the following information: (i) the case name: *Goldstein v. Henkel Corporation and Thriving Brands LLC*, Case No. 3:22-cv-00164 (D. Conn.); (ii) your name and current address; (iii) your personal signature; and (iv) a statement clearly indicating your intent to be excluded from the Settlement (the request can only be made for you, not on another person's  behalf);

Your request for exclusion must be submitted online at **[Website URL]**, or via U.S. mail at the address below:

Right Guard Antiperspirant Settlement
ATTN: Exclusion Request
PO Box 58220
Philadelphia, PA 19102

If you exclude yourself, you are stating to the Court that you do not want to be part of the Settlement. You will not be eligible to receive a payment if you exclude yourself. You may only exclude yourself – not any other person.

If submitted electronically, any written request to opt-out must be submitted no later than **XX:XX** p.m. ET on or before **[Deadline Date]**.

If submitted by U.S. mail, any written request to opt-out must be postmarked no later than **[Deadline Date]**.

## COMMENTING ON OR OBJECTING TO THE SETTLEMENT

### 17. How do I tell the Court if I like or do not like the Settlement?

If you are a Settlement Class Member, you can choose (but are not required) to object to the Settlement if you do not like it or a portion of it. You can give reasons why you think the Court should not approve it. The Court will consider your views.

Your objection must include: (i) the case name *Goldstein v. Henkel Corporation*, Case No. 3:22-cv-00164 (D. Conn.); (ii) the name, address and telephone number of the objector; (iii) the name, address, and telephone number of all counsel (if any) who represent the objector, including any former or current counsel who may be entitled to compensation for any reason if the objection is successful, and all legal factual support for the right to such compensation; (iv) documents or testimony sufficient to establish membership in the Settlement Class; (v) a detailed statement of any objection asserted, including the grounds therefor; (vi) whether the objector is, and any reasons for, requesting the opportunity to appear and be heard at the Final Approval hearing; (vii) the identity of all counsel (if any) representing the objector who will appear at the final approval hearing and, if applicable, a list of all persons who will be called to testify in support of the objection; (viii) copies of any papers, briefs, declarations, affidavits, or other documents upon which the objection is based; (ix) a detailed list of any other objections submitted by the Settlement Class Member, or his/her counsel, to any class actions submitted in any state or federal court in the United States in the previous five years (or affirmatively stating that no such prior objection has been made); and (x) the objector's signature, in addition to the signature of the objector's attorney (if any) –an attorney's signature alone shall not be deemed sufficient to satisfy this requirement.

Failure to include documents or testimony sufficient to establish membership in the Settlement Class shall be grounds for overruling and/or striking the objection on grounds that the objector lacks standing to make the objection.  Failure to include any of the information or documentation set forth in this paragraph also shall be grounds for overruling an objection.

Settlement Class Members must electronically file via the Court's ECF system or deliver to the Clerk of the Court by mail, express mail or personal delivery. To be timely, the objection must be received by the Clerk of the Court (not just postmarked or sent) prior to **[Deadline Date].**

## 18. What is the difference between objecting and excluding?

Objecting is telling the Court that you do not like something about the Settlement. You can object to the Settlement only if you do not exclude yourself from the Settlement. Excluding yourself from the Settlement is opting out and stating to the Court that you do not want to be part of the Settlement. If you opt out of the Settlement, you cannot object to it because the Settlement no longer affects you.

## THE COURT'S FINAL APPROVAL HEARING

## 19. When is the Court's Final Approval Hearing?

The Court has scheduled a Final Approval Hearing _____ at _____ a.m./p.m. ET. The hearing will be located at **[Insert Courtroom # and Address].**

At the Final Approval Hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate. The Court will also consider whether to approve Plaintiff's Counsel's request for an award of Attorneys' Fees and Costs, as well as the Class Representatives' Incentive Awards. If there are objections, the Court will consider them. Judge Thompson will listen to people who have asked to

speak at the hearing (see **Question 17** above). After the hearing, the Court will decide whether to approve the Settlement.

The date or time of the Final Approval Hearing may change. Please check the Settlement Website, [Website URL], for any updates.

## 20. Do I have to come to the Final Approval Hearing?

No. Plaintiffs' Counsel will answer any questions the Court may have. You may attend at your own expense if you wish. If you file an objection, you do not have to come to the Final Approval Hearing to talk about it. If you file your written objection on time, the Court will consider it. You may also pay your own lawyer to attend, but such attendance is not necessary for the Court to consider an objection that was filed on time.

## IF I DO NOTHING

## 21. What happens if I do nothing at all?

If you are a Settlement Class Member and you do nothing, you will give up the rights explained in **Question 9**, including your right to start a lawsuit, continue a lawsuit, or be part of any other lawsuit against the Defendants and the Released Parties about the legal issues resolved by this Settlement. In addition, you will not receive a payment from this Settlement.

## GETTING MORE INFORMATION

## 22. How do I get more information?

This Notice summarizes the proposed Settlement. Complete details are provided in the Settlement Agreement. The Settlement Agreement and other related documents are available at the Settlement Website, [Website URL].

If you have additional questions, you may contact the Claim Administrator by email, phone, or mail:

Email: [Email Address]

Toll-Free: 1-XXX-XXX-XXXX

Mail: *Right Guard Antiperspirant Settlement*, c/o Claim Administrator, 1650 Arch Street, Suite 2210, Philadelphia, PA 19103

Publicly filed documents can also be obtained by visiting the office of the Clerk of the United States District Court for the District of Connecticut or by reviewing the Court's online docket.

*Please do not contact the Court, its Clerks, or the Defendants to inquire about the Settlement or the Claims Process.*

# EXHIBIT "B-2"

**If you are a person in the United States who purchased certain Right Guard antiperspirant aerosol and spray products between November 19, 2018 and [date of preliminary approval], you could get benefits from a class action settlement.**

**This notice may affect your rights. Please read it carefully.**

*A federal court authorized this Notice.*

*You are not being sued.*

*This is not a solicitation from a lawyer.*

Right Guard Antiperspirant Settlement
c/o Claim Administrator
1650 Arch Street, Suite 2210
Philadelphia, PA 19103

«ScanString»
Postal Service: Please do not mark barcode

Notice ID: «Notice ID»
Confirmation Code: «Confirmation Code»
«FirstName» «LastName»
«Address1»
«Address2»
«City», «StateCd» «Zip»
«CountryCd»

**NOTICE OF PROPOSED CLASS ACTION SETTLEMENT**

Goldstein v. Henkel Corporation and Thriving Brands LLC, Case No. 3:22-cv-00164 (D. Conn.)

A Settlement has been reached with Henkel Corporation and Thriving Brands LLC ("Defendants") in a class action lawsuit about allegations that aerosol and spray antiperspirant products sold under the Right Guard brand contain or are at risk of containing benzene. The Defendants deny all allegations of wrongdoing and disclaim any liability with respect to any and all claims alleged.

You are included in this Settlement if, in the United States, you purchased one or more of the Covered Products between November 19, 2018 and [date of preliminary approval] for personal, family or household use, and not for resale. The Covered Products include the Right Guard Sport and Right Guard Xtreme antiperspirant aerosol and spray products.

If the Settlement is approved by the Court, Defendants will pay $1,950,000 into a Settlement Fund.  After payment of Attorneys' Fees and Costs, Incentive Awards for the Plaintiffs, and Notice and Administration Costs, the Available Settlement Funds will be used to pay Settlement Class Members who submit a Valid Claim, as follows:

• $3.00 for each Covered Product listed on the Proof of Purchase, inclusive of all taxes, with Proof of Purchase
• $1.75 for up to five (5) Covered Products claimed per household, without Proof of Purchase.

Claim Forms may be submitted online at [Website URL] or printed from the website and mailed to the Claim Administrator no later than [Deadline].

**What are my other options?**
To exclude yourself from the Settlement, you must submit a written request for exclusion no later than [Deadline]. If you are a Settlement Class Member, you can object to the Settlement and give reasons why you think the Court should not approve it. To be timely, the objection must be received by the Clerk of the Court (not just postmarked or sent) prior to [Deadline Date]. Visit [URL] for more information on excluding yourself from or objecting to the Settlement.

**Do I have a lawyer in this case?**
Yes. The Court has appointed the law firms of Levin Sedran & Berman LLP, Bursor & Fisher, P.A., Milberg Coleman Bryson Phillips Grossman, PLLC, The Sultzer Law Group, and Levi & Korsinsky LLP. Reardon Scanlon LLP shall serve as local counsel for Plaintiffs' Counsel. If you want to be represented by another lawyer, you may hire one to appear in Court for you at your own expense.

**The Court's Final Approval Hearing.**
The Court has scheduled a Final Approval Hearing _____ at _____ a.m./p.m. ET. At the Final Approval Hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate. The Court will also consider whether to approve Plaintiff's Counsel's request for an award of Attorneys' Fees and Costs, as well as the Class Representatives' Incentive Awards. If there are objections, the Court will consider them. Judge Thompson will listen to people who have asked to speak at the hearing. After the hearing, the Court will decide whether to approve the Settlement.

**This notice is only a summary of the proposed Settlement.**
**Please  visit  [Website URL] or call toll-free 1-XXX-XXX-XXXX for more information about the proposed settlement and your rights and options.**

EXHIBIT "B-3"

# Banner Ad
160x600



# Banner Ad
300x50

If you purchased certain **Right Guard antiperspirants products,** a class action settlement may affect your rights.

**CLICK HERE** for more information 

# Banner Ad
320x50

If you purchased certain **Right Guard** antiperspirants **products,** a class action settlement may affect your rights.

**CLICK HERE** for more information 

# Banner Ad
300x250

If you purchased certain **Right Guard antiperspirants products**, a class action settlement may affect your rights.

**CLICK HERE** for more information

**Banner Ad**
300x600

If you purchased certain **Right Guard antiperspirants products,** a class action settlement may affect your rights.

**CLICK HERE**
for more information

# Banner Ad

728x90

If you purchased certain **Right Guard antiperspirants products,** a class action settlement may affect your rights.

**CLICK HERE** for more information 

# Banner Ad
970x250

If you purchased certain **Right Guard antiperspirants products**, a class action settlement may affect your rights.

**CLICK HERE** for more information 

# EXHIBIT "C"

# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| JASON GOLDSTEIN, BRAD DAVIS, MARIA LAZO, MOSANTHONY WILSON and JAMES CORSEY on behalf of themselves and all others similarly situated,<br>Plaintiffs,<br>          v.<br><br>HENKEL CORPORATION and THRIVING BRANDS LLC,<br><br>          Defendants. | Case No. 3:22-cv-00164-AWT<br><br>Hon. Alvin W. Thompson |

## [PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

WHEREAS, an action is pending before this Court entitled *Goldstein et al. v. Henkel Corporation et al..,* Case No. 3:22-cv-00164-AWT (the "Litigation");

WHEREAS, Plaintiffs having made an application pursuant to Federal Rule of Civil Procedure 23(e), for an order preliminarily approving a class action settlement with Henkel Corporation and Thriving Brands LLC ("Defendants," and together with Plaintiffs, the "Parties"), in accordance with the settlement agreement lodged concurrently with the Court ("Settlement Agreement"), which, together with the exhibits annexed thereto, sets forth the terms and conditions for a proposed settlement of the Litigation and for dismissal of the Litigation with prejudice upon the terms and conditions set forth therein ("Settlement"); and

Having considered all matters submitted to it including the complete record of the Litigation and good cause appearing therefore, the Court grants preliminary approval of the Settlement and hereby finds and concludes as follows:

1.       The capitalized terms used in this Order shall have the same meaning as defined in

1

the Settlement Agreement except as otherwise expressly provided.

2.      The Court preliminarily approves the Settlement Agreement as within the range of possible final approval, and as meriting submission to the Settlement Class for its consideration.

3.      For purposes of the settlement only, the Court certifies the Settlement Class, which consists of all natural persons who, prior to the date hereof, purchased in the United States any Covered Product for personal, family or household use, and not resale. "Covered Products" means the Right Guard Sport and Right Guard Extreme antiperspirant aerosol and spray products.

4.      Excluded from the Settlement Class are (1) the Honorable Judge Alvin W. Thompson and members of his immediate family; (2) Defendants; (3) any entity in which a Defendant has a controlling interest; (4) any of Defendants' subsidiaries, parents, affiliates, and officers, directors, employees, legal representatives, heirs, successors, or assigns; and (5) any persons who timely exclude themselves from the Settlement Class.

5.      The Court preliminarily finds, solely for purposes of considering this settlement, that the requirements of Rule 23 of the Federal Rules of Civil Procedure are conditionally satisfied, including requirements that: (a) the Settlement Class Members are too numerous to be joined in a single action; (b) common issues of law and fact exist and predominate; (c) the claims of the Class Representatives are typical of the claims of the Settlement Class Members; (d) the Class Representatives and Class Counsel can adequately protect the interests of the Settlement Class Members; and (e) a settlement class is superior to alternative means of resolving the claims and disputes at issue in this Litigation.  The Court also concludes that, because the Litigation is being settled rather than litigated, the Court need not consider manageability, efficiency, or judicial economy issues that might otherwise be presented by the trial of a class action involving the issues in the Litigation.

6.     The Court conditionally designates the Charles E. Schaffer of Levin Sedran & Berman LLP, Sarah Westtott of  Bursor & Fisher, P.A., Nick Suciu of Milberg Coleman Bryson Phillips Grossman, PLLC, Jason Sultzer of The Sultzer Law Group, and Mark Reich of Levi & Korsinsky LLP as Class Counsel, and Jason Goldstein, Brad Davis, Maria Lazo, Mosanthony Wilson, and James Corsey as Class Representatives of the Settlement Class for purposes of this settlement. The Court preliminarily finds that the Class Representatives and Class Counsel have fairly and adequately represented and protected the interests of the absent Settlement Class Members.

7.     The Court has subject-matter jurisdiction over the Litigation pursuant to 28 U.S.C. §§ 1332 and 1367 and personal jurisdiction over the Parties before it. Additionally, venue is proper in this District pursuant to 28 U.S.C. § 1391.

8.     A Final Approval Hearing shall be held before this Court at _____ on _____, ____, in the United States District Court for the District of Connecticut, 450 Main Street – Suite 240, Hartford, Connecticut, 06103, to address: (a) whether the proposed settlement should be finally approved as fair, reasonable, and adequate, and whether the Final Approval Order should be entered, and (b) whether Class Counsel's application for attorneys' fees, costs, and payment to the Class Representatives should be approved.

9.     In consultation with, and with the approval of, Defendants, Class Counsel is hereby authorized to establish the means necessary to administer the proposed settlement and implement the Claim process, in accordance with the terms of the Settlement Agreement. Angeion Group is hereby appointed by the Court as the Claim Administrator, whose reasonable fees and costs are to be paid from the Settlement Fund in accordance with the Settlement Agreement. The Claim Administrator shall perform and comply with all notice and administration duties ascribed to it in the Settlement Agreement, this Preliminary Approval Order, and subsequent orders that may be

entered by this Court in this case.

10.     The Court approves, as to form and content, the Claim Form and Notices, attached as Exhibits to the Settlement Agreement. The Claim Form and Notices are written in plain English, are easy to comprehend, and fully comply with the requirements of the Due Process Clause of the United States Constitution, Rule 23 of the Rules of Civil Procedure, and any other applicable law. The Parties shall have discretion to jointly make non-material minor revisions to the Claim Form or Notices. Responsibility regarding settlement administration, including, but not limited to, notice and related procedures, shall be performed by the Claim Administrator, subject to the oversight of the Parties and this Court as described in the Settlement Agreement.

11.     The Court finds that Plaintiffs' plan for providing notice to the Settlement Class (the Notice Plan) is reasonably calculated to provide notice to the Settlement Class of the pendency of the Litigation, certification of the Settlement Class, the terms of the Settlement Agreement, the Final Approval hearing, and applicable deadlines, and complies fully with the requirements of the Due Process Clause of the United States Constitution, Rule 23 of the Federal Rules of Civil Procedure, and any other applicable law and is the best notice practicable under the circumstances and shall constitute due and sufficient notice to all persons entitled thereto. The Parties and the Claim Administrator shall comply with the Notice Plan and other deadlines as set forth in the Settlement Agreement and this Order.

12.     Any member of the Settlement Class who desires to be excluded from the Settlement Class, and therefore not be bound by the terms of the Settlement Agreement, must submit a timely request for exclusion to the Claim Administrator, pursuant to the instructions set forth in the Long Form Notice. The request must be postmarked by 60 days before Final Approval Hearing. No one shall be permitted to exercise any exclusion rights on behalf of any other person, whether as an agent or representative of another or otherwise, except upon proof of a legal power

4

of attorney, conservatorship, trusteeship, or other legal authorization, and no one may exclude other persons within the Settlement Class as a group, class, or in the aggregate.

13.     No later than ten days after the Exclusion Deadline, the Claim Administrator shall prepare a list of the names of the persons who, pursuant to the Class Notice described herein, have excluded themselves from the Settlement Class in a valid and timely manner, and Class Counsel shall inform the Court of the number of persons who have timely and validly excluded themselves concurrently with the filing of Plaintiff's motion for final approval of the Settlement, in accordance with the Court's regular notice requirements. The Court retains jurisdiction to resolve any disputed exclusion requests.

14.     Any member of the Settlement Class who elects to be excluded shall not receive any benefits of the settlement, shall not be bound by the terms of the Settlement Agreement, and shall have no standing to object to the settlement or intervene in the Litigation.

15.     Any Settlement Class Member who does not submit a valid and timely request for exclusion may submit an objection to the Settlement Agreement ("Objection"). The Objection must satisfy the requirements set forth in the Long Form Notice and must be filed with the Clerk of the Court (not postmarked) no later than 60 days before Final Approval Hearing, or it will be rejected.

16.     Any Settlement Class Member shall have the right to request to appear and be heard at the Final Approval hearing, either personally or through an attorney retained at the Settlement Class Member's own expense. If the Settlement Class Member wishes to object to the Settlement at the Final Approval Hearing (either personally or through counsel), the Settlement Class Member must submit a timely written objection in compliance with the requirements referenced in the prior paragraph of this Order.

17.     Plaintiffs shall file motions for Final Approval and for any award of attorneys'

fees, costs and a class representative payment in accordance with the Court's regular notice requirements, and the reply in support of those motions no later than twenty days before the Final Approval Hearing. Those motions and all supporting documentation shall be posted to the Settlement Website within one day of filing.

18.     In the event that the proposed settlement is not finally approved by the Court, or in the event that the Settlement Agreement becomes null and void or terminates pursuant to its terms, this Preliminary Approval Order and all orders entered in connection herewith (including any order amending the complaint) shall become null and void, shall be of no further force and effect, and shall not be used or referred to for any purposes whatsoever in this Litigation or in any other case or controversy; in such event the Settlement Agreement and all negotiations and proceedings directly related thereto shall be deemed to be without prejudice to the rights of any and all of the Parties, who shall be restored to their respective positions as of the date and time immediately preceding the execution of the Settlement Agreement.

19.     This Order shall not be construed as an admission or concession by Defendants of the truth of any allegations made by the Plaintiffs or of liability or fault of any kind.

20.     The Court may, for good cause, extend any of the deadlines set forth in this Order without further notice to the Settlement Class Members, though such extensions shall be posted to the Settlement Website. The Final Approval Hearing may, from time to time and without further notice to the Settlement Class Members beyond updates to the Court's docket and the Settlement Website, be continued by Order of the Court. If the Court grants Final Approval to the Settlement Agreement, then Settlement Class Members who have not timely requested to be excluded, including persons who objected to the Settlement Agreement or submitted a Valid Claim, shall be deemed to have released their Released Claims.

21.     Counsel for the Parties are hereby authorized to utilize all reasonable

procedures in connection with the administration of the settlement which are not materially inconsistent with either this Order or the terms of the Settlement Agreement.

22.     All further proceedings and deadlines in this action are hereby stayed except for those required to effectuate the Settlement Agreement and this Order.

**IT IS SO ORDERED** this _____ day of _____, 2023.

_____
UNITED STATES DISTRICT JUDGE

EXHIBIT "D"

# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

|  |  |
|---|---|
| JASON GOLDSTEIN, BRAD DAVIS, MARIA LAZO, MOSANTHONY WILSON and JAMES CORSEY on behalf of themselves and all others similarly situated,<br><br>                    Plaintiffs,<br><br>     v.<br><br>HENKEL CORPORATION and THRIVING BRANDS LLC,<br><br>                   Defendants. | Case No. 3:22-cv-00164-AWT<br><br>Hon. Alvin W. Thompson |

## [PROPOSED] ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT

WHEREAS, an action is pending before this Court entitled *Goldstein et al. v. Henkel Corporation et al..,* Case No. 3:22-cv-00164-AWT (the "Litigation");

WHEREAS, on _____, ___ this Court signed an order preliminarily approving a class action settlement with Henkel Corporation and Thriving Brands LLC ("Defendants," and together with Plaintiffs, the "Parties"), ("Preliminary Approval Order") (Doc __) in accordance with a settlement agreement filed with the Court on _____, ___ ("Settlement Agreement"), which, together with the exhibits annexed thereto, sets forth the terms and conditions for a proposed settlement of the Litigation and for dismissal of the Litigation with prejudice upon the terms and conditions set forth therein ("Settlement");

WHEREAS the Preliminary Approval Order also authorized Plaintiffs to disseminate notice of the settlement, the Final Approval Hearing and related matters, to the Settlement Class; and

Having considered all matters submitted to it including the complete record of the Litigation and good cause appearing therefore, the Court grants final approval of the Settlement and hereby

1

finds and concludes as follows:

1.    The capitalized terms used in this Final Approval Order and Judgment shall have the same meaning as defined in the Settlement Agreement except as may otherwise be ordered. This Final Approval Order incorporates the Settlement Agreement and its Exhibits and the Preliminary Approval Order and its Exhibits.

2.    This Court has subject-matter jurisdiction over this Litigation pursuant to 28 U.S.C. §§ 1332 and 1367 and personal jurisdiction over the Parties, including all Settlement Class Members, for all matters relating to this Litigation and the settlement, including, without limitation, the administration, interpretation, effectuation, and/or enforcement of the settlement, this Final Approval Order, and the Final Judgment.

3.    The Court finds that the prerequisites of Rule 23 of the Federal Rules of Civil Procedure have been satisfied for certification of the Settlement Class for settlement purposes because: Settlement Class Members are ascertainable and are so numerous that joinder of all members is impracticable; there are questions of law and fact common to the Settlement Class; the claims and defenses of the Class Representatives are typical of the claims and defenses of the Settlement Class they represent; the Class Representatives and Class Counsel have fairly and adequately protected the interests of the Settlement Class with regard to the claims of the Settlement Class; common questions of law and fact predominate over questions affecting only individual Settlement Class Members, rendering the Settlement Class sufficiently cohesive to warrant a class settlement; and the certification of the Settlement Class is superior to individual litigation and/or settlement as a method for the fair and efficient resolution of this matter.

4.    For purposes of the settlement and this Final Approval Order and Judgment, the Court hereby finally certifies the following Settlement Class: All natural persons who, prior to the date of Preliminary Approval, purchased in the United States any Covered Product for personal, family or

household use, and not resale. "Covered Products" means Right Guard Sport  and Right Guard Extreme antiperspirant aerosol and spray products.

5.       The following persons are excluded from the Settlement Class: (1)  the Honorable Judge Alvin W. Thompson and members of his immediate family; (2) Defendants; (3) any entity in which a Defendant has a controlling interest; (4) any of Defendants' subsidiaries, parents, affiliates, and officers, directors, employees, legal representatives, heirs, successors, or assigns; and (5) any persons who timely exclude themselves from the Settlement Class.

6.       A total of [      ] persons filed timely requests to opt out of the Settlement Class. In addition [      ] persons filed objections to the settlement. [Discuss substance of objections.]

7.       For the purpose of this settlement, the Court hereby finally certifies Plaintiffs Jason Goldstein, Brad Davis, Maria Lazo, Mosanthony Wilson, and James Corsey as Class Representatives, and Charles E. Schaffer of  Levin Sedran & Berman LLP, Sarah Westcott of Bursor & Fisher, P.A., Nick Suciu Milberg Coleman Bryson Phillips Grossman, PLLC, Jason Sultzer of The Sultzer Law Group, and Mark Reich Levi & Korsinsky LLP as Class Counsel

8.       The Parties and Claim Administrator complied in all material respects with the Notice Plan set forth in the Settlement Agreement. The Court finds that the Notice Plan set forth in the Settlement Agreement, and effectuated pursuant to the Preliminary Approval Order, constituted the best notice practicable under the circumstances and constituted due and sufficient notice to the Settlement Class of the pendency of the Litigation; the existence and terms of the Settlement Agreement; their rights to make claims, exclude themselves, or object; the matters to be decided at the Final Approval Hearing; and the binding effect of the Final Approval Order and the Final Judgment, whether favorable or unfavorable, on all Persons who do not exclude themselves from the Settlement Class. Further, the Notice Plan satisfied the requirements of the Due Process Clause of the United States Constitution, Rule 23 of the Federal Rules of Civil Procedure, and any other applicable

law.

9.     A full and fair opportunity has been given to the members of the Settlement Class to exclude themselves from the settlement, object to the terms of the settlement or to Class Counsel's request for attorneys' fees and expenses and class representative payments, and otherwise participate in the Final Approval Hearing held on [        ]. The Court has considered all submissions and arguments made at the final approval hearing provided by Settlement Class Members objecting to the settlement as well as the Parties' responses to those objections, and has determined, for all the reasons set forth in the Parties' responses, that none of the objections have any merit or warrant disapproval of the Settlement Agreement. All such objections to the settlement are overruled.

10.     The Court finds that the notice provisions of the Class Action Fairness Act, 28 U.S.C. § 1715, were fully discharged. Furthermore, the Court has given the appropriate state and federal government officials the requisite ninety (90) day period to comment on or object to the settlement before entering its Final Approval Order and Final Judgment.

11.     The Court finds that the settlement is in all respects fair, reasonable, and adequate. The Court therefore finally approves the settlement for all the reasons set forth in the Motion for Final Approval including, but not limited to, the fact that the Settlement Agreement was the product of informed, arms-length negotiations between competent, able counsel and conducted with the oversight and involvement of an independent, well respected, and experienced mediator; the record was sufficiently developed and complete through meaningful fact and expert discovery and motion practice to have enabled counsel for the Parties to have adequately evaluated and considered the strengths and weaknesses of their respective positions; the Litigation involved disputed claims, and this dispute underscores the uncertainty and risks of the outcome in this matter; the settlement provides meaningful remedial and monetary benefits for the disputed claims; and the Parties were represented by highly qualified counsel who, throughout this case, vigorously and adequately represented their

4

respective parties' interests. The Court finds that there was no collusion in reaching this Settlement Agreement.

12.   The Settlement is in the best interests of the Settlement Class in light of the degree of recovery obtained in relation to the risks faced by the Settlement Class in litigating the class claims. The relief provided to the Settlement Class Members under the Settlement Agreement is appropriate as to the individual members of the Settlement Class and to the Settlement Class as a whole. All requirements of statute, rule, and the Constitution necessary to effectuate the settlement have been met and satisfied.

13.   The Parties and the Claim Administrator shall continue to effectuate the Settlement Agreement in accordance with its terms.

14.   By operation of this Final Approval Order and Judgment, Plaintiffs, Settlement Class Members, and Releasing Parties hereby finally, forever, and completely resolve, discharge, and release all of the Released Claims against the Released Parties. As used herein:

a.   Releasing Parties are Plaintiffs, Settlement Class Members, and any of their heirs, guardians, executors, administrators, representatives, agents, attorneys, partners, owners, successors, predecessors-in-interest, and assigns.

b.   The "Released Claims" are any and all claims, liens, demands, actions, causes of action, rights, duties, obligations, damages or liabilities of any nature whatsoever, whether legal or equitable or otherwise, known or unknown, that actually were, or could have been, asserted in the Litigation, whether based upon any violation of any state or federal statute or common law or regulation or otherwise, or arise directly or indirectly out of, or in any way relate to: (i) the

allegations, claims, or contentions that were, or could have been, asserted in the Litigation, including but not limited to allegations, claims, or contentions related in any way to the testing, marketing, sales, advertising, and use of the Covered Products; and (ii) any alleged acts, omissions, or misrepresentations related in any way to the presence of benzene in the Covered Products.

c.  The "Released Parties" are Defendants and each and all of their respective predecessors and successors in interest, former, present and future direct and indirect affiliates, subsidiaries, divisions, parents, owners, and affiliates, and each and all of their respective present and former officers, directors, managers, shareholders, members, partners, employees, agents, representatives, suppliers, resellers, retailers, wholesalers, distributors, manufacturers, customers, brokers, insurers, assigns, servants, attorneys, assignees, heirs, and executors, whether specifically named and whether or not participating in the settlement by payment or otherwise.

15.  All personal injury claims are expressly excluded from the Release.

16.  Plaintiffs, Settlement Class Members, and Defendants expressly understand and acknowledge that it is possible that unknown losses or claims exist or that present losses may have been underestimated in amount or severity. Plaintiffs, Settlement Class Members, and Defendants explicitly took that into account in entering into the Settlement Agreement, and a portion of the consideration and the mutual covenants contained herein, having been bargained for between Plaintiffs and Defendants with the knowledge of the possibility of such unknown claims, were given in exchange for a full accord, satisfaction, and discharge of all such claims. Consequently, Plaintiffs, Settlement Class Members, and Defendants expressly waive all provisions, rights and benefits of California Civil Code section 1542 (and equivalent, comparable, or analogous provisions of the laws

of the United States or any state or territory thereof, of the common law). **Section 1542 provides:**

> **"A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party."**

17.   Nothing herein shall bar any action or claim to enforce the terms of the Settlement Agreement.

18.   No action taken by the Parties, either previously or in connection with the negotiations or proceedings connected with the Settlement Agreement, shall be construed as or be deemed an admission or concession by any Party of the truth, or lack thereof, of any allegation or the validity, or lack thereof, of any purported claim or defense asserted in any of the pleadings or filings in the Litigation, or of any fault on the part of any Defendant, and all such allegations are expressly denied. Nothing in this Agreement shall constitute an admission of liability or be used as evidence of liability, by or against any Party hereto. Defendants' agreement not to oppose the entry of this Final Approval Order and Judgment shall not be used against Defendants by any Party or non-party for any purpose in this Litigation or any other action, lawsuit, or proceeding of any kind whatsoever.

19.   For the reasons stated in the separate Order on Class Counsel's Application for an award of attorneys' fees, costs, and class representative payments, the following amounts shall be paid by Defendants:

    a.   Fees to Class Counsel: $_____
    b.   Costs and expenses to Class Counsel: $_____
    c.   Class representative payments to Plaintiffs Jason Goldstein, Brad Davis, Maria Lazo, Mosanthony Wilson, and James Corsey: $1,000 Such amounts shall be due and paid according to the terms of the Settlement Agreement.

20.   This Order shall constitute a final judgment binding the Parties and Settlement Class

Members with respect to this Litigation.

21.   Without affecting the finality of the judgment hereby entered, this Court expressly retains exclusive and continuing jurisdiction over the Settlement Agreement, including all matters relating to the administration, consummation, validity, enforcement and interpretation of the Settlement Agreement, the Final Approval Order, or the Final Judgment, including, without limitation, for the purpose of:

    a.   the distribution of funds in the event settlement payments checks are not negotiated within one hundred and twenty (120) days of mailing.

    b.   enforcing the terms and conditions of the Settlement and resolving any and all disputes, claims or causes of action that, in whole or in part, arise out of or are in any way related to the Settlement Agreement, the Final Approval Order, or the Final Judgment (including, whether a Person is or is not a Settlement Class Member);

    c.   entering such additional orders, if any, as may be necessary or appropriate to protect or effectuate the Final Approval Order, the Final Judgment, or the Settlement Agreement, or to ensure the fair and orderly administration of the settlement; and

    d.   entering any other necessary or appropriate orders to protect and effectuate this Court's retention of continuing jurisdiction over the Settlement Agreement, the Final Approval Order, or the Final Judgment.

22.   Without affecting the finality of this Final Approval Order or the Final Judgment, Defendants and each Settlement Class Member hereby irrevocably submits to the exclusive jurisdiction of the Court for any suit, action, proceeding, or dispute arising out of or relating to the Settlement Agreement or the applicability of the Settlement Agreement, including any suit, action,

proceeding, or dispute relating to the Release provisions herein.

23.    The Parties are hereby directed to implement and consummate the settlement according to the terms and provisions of the Settlement Agreement.

24.    In the event the Effective Date does not occur in accordance with the terms of the Settlement Agreement, then this Order and any judgment entered thereon shall be rendered null and void and shall be vacated, and in such event, all orders and judgments entered and releases delivered in connection herewith shall be null and void and the Parties shall be returned to their respective positions prior to the settlement.

25.    Without further order of the Court, the parties may agree to reasonable extensions of time to carry out any provisions of the Settlement Agreement. Likewise, the Parties may, without further order of the Court or notice to the Settlement Class, mutually agree to and adopt such amendments to the Settlement Agreement (including exhibits) as are consistent in material respects with this Final Approval Order and the Final Judgment and that do not limit the rights of Settlement Class Members under the Settlement Agreement.

26.    There is no just reason for delay in the entry of this Judgment, and immediate entry by the Clerk of the Court is expressly directed.

         **IT IS SO ORDERED** this _____ day of _____, _____.


                                        _____
                                        UNITED STATES DISTRICT JUDGE

9