

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JASON GOLDSTEIN, BRAD DAVIS, MARIA LAZO, MOSANTHONY WILSON and JAMES CORSEY on behalf of themselves and all others similarly situated,<br><br>      Plaintiffs,<br><br>v.<br><br>HENKEL CORPORATION and THRIVING BRANDS LLC,<br><br>      Defendants. | Case No. 3:22-cv-00164-AWT |

**ORDER GRANTING PLAINTIFFS' MOTION FOR
ATTORNEYS' FEES, COSTS, AND SERVICE AWARDS**

  Jason Goldstein, Brad Davis, Maria Lazo, Mosanthony Wilson, and James Corsey (collectively "Plaintiffs") filed their Motion for Attorneys' Fees, Litigation Costs, and Service Awards on October 18, 2023 (the "Motion"). Having considered the Settlement Agreement (the "Settlement Agreement") (ECF No. 76-3); the Motion, memorandum of law, supporting declarations and exhibits; the absence of any opposition or objection to the Motion; all arguments presented at the hearing on this matter; and all relevant papers filed in this matter; and finding good cause to do so, the court hereby ORDERS:

  1.  The court has subject-matter jurisdiction over this Litigation pursuant to 28 U.S.C.§§ 1332 and 1367 and personal jurisdiction over the Parties.

  2.  Unless otherwise defined herein, the court adopts the terms and definitions set forth in the Settlement Agreement.

3. Counsel for the Settlement Class[1] ("Class Counsel") provided adequate Notice of the Fee and Expense Application to the potential class members in a reasonable manner, and such Notice complies with Federal Rules of Civil Procedure 23(h)(1) and due process. The Notice provided to all potential class members stated that Class Counsel could seek attorneys' fees and costs in an amount up to 1/3 of the Settlement Fund, and further directed Settlement Class Members to a website on which the full Motion was accessible one day following filing. Settlement Class Members were given the opportunity to object to the Motion in compliance with Rule 23(h)(2). No objections to the fee and expense provision of the Settlement Agreement or Motion were made.

4. The court hereby awards $650,000 in Attorneys' Fees and Costs to Class Counsel, as follows: $625,201.20 in attorneys' fees and $24,798.80 in unreimbursed litigation costs.

As of September 2023 Class Counsel, collectively, have devoted approximately 1,210.65 hours, which translates to a lodestar of $854,205.65, to achieve the Settlement in this Litigation. Having reviewed Class Counsel's Motion, the court finds the requested amount of attorneys' fees to be fair, reasonable, and appropriate pursuant to Goldberger v. Integrated Res., Inc., 209 F.3d 43 (2d Cir. 2000), and applicable case law. The court analyzed each Goldberger factor in detail at the December 13, 2023 Final Approval Hearing, and incorporates those findings by reference.

The court also finds that Class Counsel have incurred $24,798.80 in unreimbursed litigation costs. All of these costs were reasonably incurred in the ordinary course of prosecuting

---

[1] The court conditionally designated The Sultzer Law Group, P.C., Levin Sedrin & Berman LLP, Bursor & Fisher, P.A., Milberg Coleman Bryson Phillips Grossman, PLLC, and Levy & Korsinsky LLP as Class Counsel. *See* ECF Doc. 31.

this case and were necessary given the complex nature and scope of this case. The court finds that Class Counsel are entitled to reimbursement for these costs and incorporates by reference the findings made at the December 13, 2023 Final Approval Hearing.

5. In making this award of attorneys' fees and expenses to be paid from the Settlement Fund, the court has found and considered that:

   a. The Settlement Agreement created a Settlement Fund of $1.95 million in cash for the benefit of the Settlement Class pursuant to the terms of the Settlement Agreement;

   b. Settlement Class Members who submitted timely and valid claim forms benefited from the Settlement Agreement because of the efforts of the Class Counsel and the Class Representatives;

   c. The attorneys' fees and costs sought by Class Counsel are fair and reasonable;

   d. Class Counsel have prosecuted the litigation with skill, perseverance, and diligence, as reflected by the Settlement Fund achieved and the positive reception of the Settlement Agreement by the Settlement Class;

   e. This Litigation involved complex factual and legal issues that were extensively researched and developed by Class Counsel;

   f. Had the Settlement Agreement not been achieved, a significant risk existed that Plaintiffs and the Class Members may have recovered significantly less or nothing from Defendants;

   g. Public policy considerations support the requested fees; and

   h. The amount of attorneys' fees awarded and costs reimbursed is appropriate to the specific circumstances of this Litigation.

6.  Class Counsel shall allocate the awarded attorneys' fees and costs among Counsel in a manner in which, in their judgment, reflects the contributions of such counsel to the prosecution and settlement of this Litigation.

7.  The court further approves an incentive award of $5,000, amounting to $1,000 for each of the Class Representatives for their active participation in this Litigation. This incentive award is justified by: (1) the risks class Representative Plaintiffs faced in bringing this lawsuit, financial and otherwise; (2) the amount of time and effort spent on this Litigation by the Class Representatives; and (3) the benefits the Class Representatives helped obtain for the Settlement Class Members under the Settlement Agreement. The court incorporates by reference the findings made at the December 13, 2023 Final Approval Hearing.

9.  The Attorneys' Fees and Costs and Service Awards set forth in this Order shall be paid and distributed in accordance with the terms of the Settlement Agreement.

It is so ordered.

Dated this 13th day of December 2023, at Hartford, Connecticut.

/s/ Judge Alvin W. Thompson
Alvin W. Thompson
United States District Judge