

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JASON GOLDSTEIN, BRAD DAVIS, MARIA LAZO, MOSANTHONY WILSON and JAMES CORSEY on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>HENKEL CORPORATION and THRIVING BRANDS LLC,<br><br>Defendants. | Case No. 3:22-cv-00164-AWT |

### ORDER GRANTING PLAINTIFFS' MOTION FOR
### FINAL APPROVAL OF CLASS ACTION SETTLEMENT

Jason Goldstein, Brad Davis, Maria Lazo, Mosanthony Wilson, and James Corsey (collectively "Plaintiffs") filed their Motion for Final Approval of Class Action Settlement on October 24, 2023 (the "Motion"). Having considered the Settlement Agreement (the "Settlement Agreement") (ECF No. 76-3); the Motion, memorandum of law, supporting declarations and exhibits; the absence of any opposition or objection to the Motion; all arguments presented at the hearing on this matter; and all relevant papers filed in this matter; and finding good cause to do so, the court hereby ORDERS:

1. The court has subject-matter jurisdiction over this Litigation pursuant to 28 U.S.C. §§ 1332 and 1367 and personal jurisdiction over the Parties.

2. The court hereby confirms its determinations in the Preliminary Approval Order and finally certifies, for purposes of the Settlement only, pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure, the Settlement Class.

3.  Pursuant to Rule 23 of the Federal Rules of Civil Procedure and for purposes of the Settlement only, the court hereby confirms its determinations in the Preliminary Approval Order and finally certifies Plaintiffs Jason Goldstein, Brad Davis, Maria Lazo, Mosanthony Wilson, and James Corsey as Class Representatives for the Settlement Class; and finally appoints The Sultzer Law Group, P.C., Levin Sedrin & Berman LLP, Bursor & Fisher, P.A., Milberg Coleman Bryson Phillips Grossman, PLLC, and Levy & Korsinsky LLP as Class Counsel for the Settlement Class.

4.  The court finds that the publication of the Notice, Summary Notice, and Claim Form: (i) complied with the Preliminary Approval Order; (ii) constituted the best notice practicable under the circumstances; (iii) constituted notice that was reasonably calculated to apprise Settlement Class Members of the effect of the Settlement, of the proposed Plan of Allocation, of Class Counsel's request for an award of attorneys' fees and payment of Litigation Expenses incurred in connection with the prosecution of the Action, of Settlement Class Members' right to object or seek exclusion from the Settlement Class, and of their right to appear at the Settlement Hearing; (iv) constituted due, adequate, and sufficient notice to all Persons entitled to receive notice of the proposed Settlement; and (v) satisfied the notice requirements of Rule 23 of the Federal Rules of Civil Procedure and the United States Constitution (including the Due Process Clause).

5.  There have been no objections to the Settlement or any of its terms.

6.  Pursuant to Rule 23(e)(2) of the Federal Rules of Civil Procedure, the court hereby approves the Settlement and finds that in light of the benefits to the Settlement Class, the complexity and expense of further litigation, the risks of establishing liability and damages, and the costs of continued litigation, said Settlement is, in all respects, fair, reasonable, and adequate, having considered and found that: (a) the named Plaintiffs and Class Counsel have adequately

represented the Settlement Class; (b) the proposal was negotiated at arm's-length between experienced counsel; (c) the relief provided for the Settlement Class is adequate, having taken into account (i) the costs, risks, and delay of trial and appeal; (ii) the effectiveness of any proposed method of distributing relief to the Settlement Class, including the method of processing Settlement Class Member claims; (iii) the terms of any proposed award of attorneys' fees, including timing of payment; and (iv) any agreement required to be identified under Rule 23(e)(3); and (d) the proposed plan of allocation treats Settlement Class Members equitably relative to each other. Accordingly, the Settlement is hereby approved in all respects (including, without limitation: the amount of the Settlement; the releases provided for in the Stipulation; and the dismissal with prejudice of the claims asserted against Defendants) and shall be consummated in accordance with the terms and provisions of the Stipulation.

7. Each Settlement Class Member who did not opt out, whether or not such Settlement Class Member executed and delivered a Claim Form, is bound by this Judgment, including, without limitation, the release of claims as set forth in the Stipulation. With respect to the released claims, the Settlement Agreement and this Final Approval Order is binding on, and shall have *res judicata* and preclusive effect, in all pending and future lawsuits or other proceedings maintained by or on behalf of the Class Representatives or Settlement Class Members who did not opt out. All Settlement Class Members who did not opt out are permanently barred and enjoined from filing, commencing, prosecuting, intervening in, or participating (as class members or otherwise) in any lawsuit or other action in any jurisdiction based on the Released Claims.

8. If the Settlement does not become effective in accordance with the terms of the Settlement Agreement, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Settlement Agreement and shall be vacated, and in such event, all

orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Settlement Agreement.

9. Without further order of the court, the Parties may agree to reasonable extensions of time to carry out any of the provisions of the Settlement Agreement.

10. The Parties are hereby directed to consummate the Settlement Agreement and to perform its terms.

11. A separate order shall be entered regarding Class Counsel's application for attorneys' fees and payment of expenses as allowed by the court. Such order shall not affect this Judgment and shall be considered separate from this Judgment. Such order shall not affect the finality of this Judgment or the Effective Date of the Settlement.

12. Without affecting the finality of the Settlement Approval Order and Final Judgment for purposes of appeal, the court retains jurisdiction as to all matters relating to administration, consummation, enforcement, and interpretation of the Settlement Agreement and the Settlement Approval Order and Final Judgment, and for any other necessary purpose.

It is so ordered.

Dated this 13th day of December 2023, at Hartford, Connecticut.

/s/ Judge Alvin W. Thompson
Alvin W. Thompson
United States District Judge
